IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEPHEN E. BILENKY, ADMINISTRATOR
OF THE ESTATE OF FRANK S. WRIGHT,
DECEASED,

  Plaintiff,

v.                                             Case No.: 2:13-CV-345

RYOBI LTD., RYOBI NORTH AMERICA,
INC. TECHTRONIC INDUSTRIES CO.,
LTD., TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., RYOBI TECHNOLOGIES,
INC., ONE WORLD TECHNOLOGIES, INC.,
HOME DEPOT USA, INC., AND THE
HOME DEPOT, INC.,

  Defendants.

## **ANSWER**

Defendant One World Technologies, Inc. ("One World"), by counsel, states as follows for its Answer to the Complaint filed by plaintiff Stephen E. Bilenky, Administrator of the Estate of Frank S. Wright, Deceased:

### FIRST DEFENSE

1.      One World denies all allegations not specifically admitted herein.

### SECOND DEFENSE

2.      One World denies that it is indebted to the plaintiff in the amount claimed or in any amount, for the reasons stated or for any reason.

### THIRD DEFENSE

3.      One World specifically denies that it committed any act of negligence that was the proximate cause of the alleged injuries, wrongful death or damages.

## FOURTH DEFENSE

4. One World specifically denies that it manufactured, distributed or sold the mower that is the subject of this case.

## FIFTH DEFENSE

5. One World specifically denies that it made or breached any warranties associated with the product at issue that were a proximate cause of the alleged injuries, wrongful death or damages.

## SIXTH DEFENSE

6. One World avers that plaintiff's decedent was himself guilty of negligence proximately causing or efficiently contributing to the incident sued upon.

## SEVENTH DEFENSE

7. One World avers that any injuries, damages or losses alleged to have been sustained by plaintiff or plaintiff's decedent were the result of abuse or misuse of the product described.

## EIGHTH DEFENSE

8. One World reserves the right to rely upon any and all proper and provable defenses that may be revealed through investigation, discovery or the presentation of evidence and to amend this Answer at any time it be so advised.

## ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS

9. In response to paragraph 1 of plaintiff's Complaint, One World avers that the description of the nature of this action states a legal conclusion requiring no response. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in paragraph 1 concerning plaintiff's status as Administrator; therefore, it denies those allegations and calls for strict proof thereof.

10. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

11. One World is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 3 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

12. One World is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 4 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

13. One World is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 5 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

14. One World denies the allegations contained in paragraph 6 of plaintiff's Complaint and avers that Techtronic Industries Co., Ltd. is an entity based in Hong Kong.

15. One World denies the allegations contained in paragraph 7 of plaintiff's Complaint and avers that Techtronic Industries North America, Inc. is a Delaware corporation with its principal place of business in Hunt Valley, Maryland.

16. One World denies the allegations contained in paragraph 8 of plaintiff's Complaint and avers that Ryobi Technologies, Inc. merged into One World Technologies, Inc. in December 2004 and was subsequently dissolved. One World further avers that, when Ryobi

Technologies, Inc. was in existence, it was a Delaware corporation with its principal place of business in Anderson, South Carolina.

17. One World denies the allegations contained in paragraph 9 of plaintiff's Complaint and avers that it is a Delaware corporation with its principal place of business in Anderson, South Carolina.

18. One World is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 10 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

19. One World avers that the allegations contained in paragraph 11 of plaintiff's Complaint either pertain to other defendants or state legal conclusions, thereby requiring no response.

20. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

21. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

22. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

23. One World denies the allegations contained in paragraph 15 of plaintiff's Complaint.

24. One World denies the allegations contained in paragraph 16 of plaintiff's Complaint.

25. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

26. One World denies the allegations contained in paragraph 18 of plaintiff's Complaint.

27. One World is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 (including sub-paragraphs a - c) of plaintiff's Complaint; therefore, it denies those allegations and calls for strict proof thereof.

28. In response to paragraph 20 of plaintiff's Complaint, One World incorporates its responses to paragraphs 1-19 of plaintiff's Complaint as if fully set forth.

29. One World denies the allegations contained in paragraph 21 of plaintiff's Complaint that pertain to it. One World avers that no response is required to the allegations contained in paragraph 21 of plaintiff's Complaint that pertain to defendants other than it.

30. One World denies the allegations contained in paragraph 22 of plaintiff's Complaint that pertain to it. One World avers that no response is required to the allegations contained in paragraph 22 of plaintiff's Complaint that pertain to defendants other than it.

31. One World denies the allegations contained in paragraph 23 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 23 of plaintiff's Complaint that pertain to defendants other than it.

32. One World denies the allegations contained in paragraph 24 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 24 of plaintiff's Complaint that pertain to defendants other than it.

33. One World denies the allegations contained in paragraph 25 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 25 of plaintiff's Complaint that pertain to defendants other than it.

34. One World denies the allegations contained in paragraph 26 (including sub-paragraphs a - n) of plaintiff's Complaint, as they pertain to it. One World specifically denies that it designed, developed, manufactured, labeled, marketed, promoted or sold the subject mower. One World avers that no response is required to the allegations contained in paragraph 26 of plaintiff's Complaint that pertain to defendants other than it.

35. One World denies the allegations contained in paragraph 27 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 27 of plaintiff's Complaint that pertain to defendants other than it.

36. One World denies the allegations contained in paragraph 28 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 28 of plaintiff's Complaint that pertain to defendants other than it.

37. One World denies the allegations contained in paragraph 29 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 29 of plaintiff's Complaint that pertain to defendants other than it.

38. One World denies the allegations contained in paragraph 30 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 30 of plaintiff's Complaint that pertain to defendants other than it.

39. One World denies the allegations contained in paragraph 31 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 31 of plaintiff's Complaint that pertain to defendants other than it.

40. In response to paragraph 32 of plaintiff's Complaint, One World incorporates its responses to all other paragraphs in plaintiff's Complaint as if fully set forth.

41. One World denies the allegations contained in paragraph 33 (including sub-paragraphs a - e) of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 33 of plaintiff's Complaint that pertain to defendants other than it.

42. One World denies the allegations contained in paragraph 34 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 34 of plaintiff's Complaint that pertain to defendants other than it.

43. One World denies the allegations contained in paragraph 35 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 35 of plaintiff's Complaint that pertain to defendants other than it.

44. One World denies the allegations contained in paragraph 36 (including sub-paragraphs a and b) of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 36 of plaintiff's Complaint that pertain to defendants other than it.

45. One World denies the allegations contained in paragraph 37 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 37 of plaintiff's Complaint that pertain to defendants other than it.

46. One World denies the allegations contained in paragraph 38 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 38 of plaintiff's Complaint that pertain to defendants other than it.

47. One World denies the allegations contained in paragraph 39 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 39 of plaintiff's Complaint that pertain to defendants other than it.

48. In response to paragraph 40 of plaintiff's Complaint, One World incorporates its responses to all other paragraphs in plaintiff's Complaint as if fully set forth.

49. One World denies the allegations contained in paragraph 41 of plaintiff's Complaint, as they pertain to it. One World specifically denies that it marketed, sold or distributed the subject mower. One World avers that no response is required to the allegations contained in paragraph 41 of plaintiff's Complaint that pertain to defendants other than it.

50. One World denies the allegations contained in paragraph 42 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 42 of plaintiff's Complaint that pertain to defendants other than it.

51. One World denies the allegations contained in paragraph 43 of plaintiff's Complaint.

52. One World denies the allegations contained in paragraph 44 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 44 of plaintiff's Complaint that pertain to defendants other than it.

53. One World denies the allegations contained in paragraph 45 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 45 of plaintiff's Complaint that pertain to defendants other than it.

54. One World denies the allegations contained in paragraph 46 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 46 of plaintiff's Complaint that pertain to defendants other than it.

55. In response to paragraph 47 of plaintiff's Complaint, One World incorporates its responses to paragraphs 1-46 as if fully set forth.

56. One World denies the allegations contained in paragraph 48 (including sub-paragraphs a and b) of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 48 of plaintiff's Complaint that pertain to defendants other than it.

57. One World denies the allegations contained in paragraph 49 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 49 of plaintiff's Complaint that pertain to defendants other than it.

58. In response to paragraph 50 of plaintiff's Complaint, One World incorporates its responses to all other paragraphs in plaintiff's Complaint as if fully set forth.

59. One World denies the allegations contained in paragraph 51 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 51 of plaintiff's Complaint that pertain to defendants other than it.

60. One World denies the allegations contained in paragraph 52 of plaintiff's Complaint, as they pertain to it. One World avers that no response is required to the allegations contained in paragraph 52 of plaintiff's Complaint that pertain to defendants other than it.

61. One World denies the allegations contained in the unnumbered paragraphs of plaintiff's Complaint, except that it consents to, and joins in, plaintiff's request for trial by jury.

For the reasons set forth herein, One World Technologies, Inc., respectfully requests that this action be dismissed and that it be awarded its costs and expenses incurred in defending this litigation.

**ONE WORLD TECHNOLOGIES, INC.**

By Counsel

/s/
John R. Owen
VSB No. 39560
Julie S. Palmer
VSB No. 65800
David J. Esposito
VSB No. 78468
Attorneys for One World Technologies, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
jowen@hccw.com
jpalmer@hccw.com
desposito@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 25th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Richard N. Shapiro, Esq.
>Shapiro, Lewis & Appleton, P.C.
>1294 Diamond Springs Road
>Virginia Beach, VA 23455
>
>Robert C. Sullivan, Esq.
>Sullivan, Morgan & Chronic LLC
>1600 Baltimore Avenue, Suite 200
>Kansas City, MO 64108

>/s/
>John R. Owen
>VSB No. 39560
>Attorney for One World Technologies, Inc.
>Harman, Claytor, Corrigan & Wellman
>P.O. Box 70280
>Richmond, Virginia 23255
>(804) 747-5200
>(804) 747-6085 – facsimile
>jowen@hccw.com