# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| STEPHEN E. BILENKY, ADMINISTRATOR OF THE ESTATE OF FRANK S. WRIGHT, DECEASED, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 2:13 CV 00345 RAJ-DEM ) |
| RYOBI, LTD., ET AL., | ) ) |
| Defendants. | ) |

### Plaintiff's Motion For Expedited Discovery Relief and Memorandum In Support

COMES NOW, the Plaintiff, by counsel, and files a motion for expedited relief and memorandum in support, relating to late disclosed discovery supplementation by the Defendants in this cause.

### BACKGROUND

On or about October 23, 2013, Plaintiff sent Ryobi Defendants the first set of Interrogatories including the following Interrogatory:

> 9. Please identify all other substantially similar incidents, prior or subsequent to the incident that is the subject matter of the present action, in which users have alleged to have been injured by a product model substantially similar or the same as the subject tractor and the names, addresses and phone numbers of the individuals involved in the incidents.

On or about February 19, 2014, Defendant Home Depot U.S.A, responded to Plaintiff's Interrogatory with an objection and merely stated that it was "researching" any other incidents involving the same model mower and stated that a response would be "supplemented." See Def. Ans. to P. First Set of Interrogs. at 3-4.

On or about May 19, 2014, Plaintiff filed a supplemental set of Interrogatories and Request for Production of Documents on all Defendants that were more specific including the following requests:

> 2. The report of Neil P. Wu states: "Approximately 18,600 units in the model family were reportedly produced with the same rubber hose connection and fixed outlet plastic fuel tank." For this interrogatory, state exactly how many fuel line separations, or fires, on any "units in the model family" were made known to Husqvarna, by warranty claims, dealer claims or any other manner of notification, or which caused any property damage or personal injury, that were made known to Husqvarna from any consumer or business for the above model family. [Note: Husqvarna has disclosed that it is providing a defense to one or more defendants under its policy of insurance, and at least one expert report was produced to an attorney representing Husqvarna. Accordingly the plaintiff asserts that Husqvarna must properly produce the materials requested for one or more of the named defendants].

> 3. In your Confidential Supplemental Answers to Plaintiff's First Interrogatories and Confidential Supplemental Response to Plaintiff's First Request for Production of Documents and Tangible Things you state that "[b]y July 2006, Husqvarna identified all tractors which contained the component parts (low perm fuel line and 1.25 or 2.5 gallon fuel tanks) susceptible to this occurrence and initiated a recall campaign to replace the tanks and correct the issue" in reference to the recall campaign described in HDUSA 00463. HDUSA 00463 states: "**Incidents/Injuries: :** Husqvarna Outdoor Products Inc. received 886 reports of fuel lines that separated from the fuel tank outlet and 16 reports of fires related to this issue." For the 886 reports of separation and 16 reports of fires, please identify the following:
>     a. The make, model and year of the lawn tractor, or other equipment involved;
>     b. The date and what is claimed to have occurred
>     c. The entity or person involved
>     d. The nature of the injuries
>     e. The identify witnesses to the incident
>     f. The date defendant received notice of the incident
>     g. The manner in which notice was conveyed to defendant

    h. All investigations and related documents of defendant
    i. All testing performed, the identities of all persons involved and any related documents
    j. Whether any alterations were made as a result of the incident or report
    k. Whether any governmental body tested the product or conducted an investigation as a result
    l. Whether any internal documents were created as a result of the incident

    4. Produce all documents or media evidencing every item, memoranda, email or note reporting on the circumstances of each such fire requested in Interrogatory No. 2 above, irrespective of whether it was reported to have been caused by any fuel line separation (any fire irrespective of cause must be disclosed involving any "model family" mower).

    5. Produce all documents or media evidencing the information provided in your answer to Interrogatory No. 3 above.

On or about June 23, 2014, Defendant Ryobi responded to Plaintiff's Interrogatory by objecting and failed to provide any information or reference to the similar fire that occurred only a few months prior to the fire that caused the untimely death of Mr. Wright. <u>See</u> Ex. A, Def. Techtronic Industries, Ryobi Technologies, and One World Technologies Ans. to Pl. First Set of Interrogs., at 3-4. Additionally, the Ryobi Defendants failed to provide any information about this similar 2010 fire in response to Plaintiff's first Supplemental Request for Production of Documents. <u>See</u> Ex. B, Def. Techtronic Industries, Ryobi Technologies, and One World Technologies Ans. to Pl. First Set of Req. for Prod. of Docs., at 4-5.

On or about July 3, 2014, Defendant Home Depot U.S.A. supplemented their response stating that they were "not aware" of any prior incidents involving the model of the subject mower. <u>See</u> Def. Ans. to P. First Set of Interrogs. at no. 9.

As late as November 24, 2014, at this Court's hearing before Judge Miller on several motions in limine, Defendants again represented to Plaintiff and Judge Miller that Defendants

had no reports of any other incidents involving the subject model lawn tractor. Counsel made the following statements to the Court:

**Under direct questioning by Judge Miller:**

> THE COURT: No, that actually brings up an important question, which is something that we didn't run to ground quite as well as I wish we had when we were looking at the issue of no prior accidents. What is Husqvarna's evidence of that? You say there have been -- there have literally been zero reports of fuel leaks and mowers manufactured with this system?
>
> MR. BODE: Yes, Your Honor. Yes. With this design system. Yes, Your Honor, exactly. And we looked. And, you know, you would think you would see 1 or 2 out of 18,000; none. And Keith Degner will testify to that; none. So they have a computer database, and he examined it, and we examined the model family, not just this one tractor but the model family that had the same fuel system, same engine. We went through the model family; zero. See Ex. E, Transcript of Proceedings, November 24, 2014, 13:23 through 14:13.
>
> Regarding Plaintiff's expert witness Steve Christoffersen: "And he hasn't and never can at all address why it is that the 18,000 other units made in a similar fashion to this experienced no problems. See Ex. E, 12:19 through 12:21.
>
> And here not only do they have no testing to establish that it's defective, they have counter-evidence that is admitted, which is there are 18,000 other tractors in this model family and zero other fires… See Ex. E, 40:4 through 40:7.
>
> But none of that has anything to do with whether or not this tractor at the time it left the manufacturer was defective. And it wasn't because it had a tried and true fuel system, 18,000 of which never had a problem, and so there is nothing defective about this tractor. See Ex. E, 45:10 through 45:14.

At no point during discovery did any of Defendants reference or mention any similar fire that occurred in 2010 and failed to produce any documents about a similar fire, until the recent late-submitted materials just two business days before the commencement of trial. See Ex. C, Late-Filed Materials of Defendants.

## ARGUMENT

The tactics employed by Defendants on this issue are the definition of obfuscation. Throughout the course of this litigation, in response to Plaintiff's numerous discovery requests, Defendants maintained no fires occurred involving the Ryobi class of mowers involved in the December 23, 2010 incident resulting in Mr. Wright's death. Defendants were careful to try to limit any response to the exact class of Ryobi lawnmowers. In hearings before this Court, defense counsel specifically maintained, on direct questioning from the United States Magistrate Judge, that Defendants were never aware of any other fire involving the subject Ryobi mowers.

Plaintiff has now learned that the responses filed by Defendants were in fact false. The representations of defense counsel were inaccurate and factually false. Plaintiff knows this now because of the materials recently provided by Defendants (provided only two business days before the commencement of a jury trial mind you). See Ex. C. These recently submitted materials show that there was a fire on a Ryobi mower approximately five months before the fire that took the life of Frank Wright. Furthermore, the investigation of the earlier fire indicates that the fire started on the mower, which is materially similar to the circumstances of Plaintiff's case. Moreover, the responsive of materials produced show that Defendant Ryobi was aware of this fire in 2010, many months before the fire that took the life of Mr. Wright and during the entire pendency of this case.

## RELIEF SOUGHT BY PLAINTIFF

Plaintiff requests a hearing before this Court so that the Defendants can provide some explanation for the sudden, prejudicial, and incredibly late disclosure of this information about a factually similar fire that occurred prior to the fire involving the decedent. Plaintiff's expert

disclosures have passed. Plaintiff does not have any reasonable time to investigate the circumstances of the other similar fire incident. There are only two business days before a four-day jury trial is scheduled to commence in this case. In other words, the timing of the disclosure by Defendants is highly prejudicial and disrespectful to both Plaintiff and the Court. The incredibly late disclosure by defense counsel eliminates any reasonable investigation of the other fire incident involving a Ryobi mower. Plaintiff simply has no time to provide the materials to expert witnesses or to develop evidence for Plaintiff's case.

1. At a minimum, Plaintiff respectfully moves this Court for this minimal relief: that Plaintiff be entitled to refer to Defendants' late-submitted documents and the facts in those documents, during Plaintiff's opening statement, and to be shared with Plaintiff's expert witnesses and that Plaintiff may disclose to the jury the timing of the disclosure by Defendants.

2. Plaintiff moves the Court to rule that the disclosures made are not only admissible, but constitute party admissions, free of any hearsay consideration that could otherwise be raised.

3. Plaintiff moves this Court to declare that the materials disclosed by Defendants are not confidential, despite being marked as such by Defendants.

4. Plaintiff moves the Court, post-trial, to allow discovery of the circumstances behind the failure to disclose the prior similar incident, including discovery of Ryobi witnesses that may be familiar with the disclosure of the 2010 claim, the manner in which Ryobi provided responses to counsel to respond to discovery in the case and other similar facts. This discovery should be permissible so that Plaintiff may prepare a possible discovery sanctions motion before this Court after trial.

5. Plaintiff moves this Court to order that Defendants be barred from providing any further documentary or rebuttal information as a penalty for failure to timely disclose highly relevant evidence.

6. Plaintiff moves this Court for any other reasonable relief that this Court deems appropriate.

Additionally, Plaintiff is moving this Court to rule on deposition designation objections of Defendants to the Timothy Seymour deposition, a videotape deposition that requires editing. See Ex. D. Plaintiff will discuss this request with this Court in connection with trying to obtain an expedited hearing on the above-referenced discovery dispute.

## **CONCLUSION**

For the foregoing reasons, Plaintiff moves this honorable Court to grant one or more the following measures of relief by entering an order: striking Defendants' answers and entering judgment in favor of Plaintiff on all issues of liability; directing that the late disclosed incidents and related materials be taking as established for purposes of the case; prohibiting Defendants from disputing the substantial similarity of the late disclosed incident at trial whether by offer of evidence, argument of counsel, or testimony of expert witnesses; prohibiting Defendants' expert witnesses from offering any new opinions on the late disclosed incident; permitting Plaintiff's expert witnesses to offer opinions on the late disclosed incident; ruling that the late disclosures made by Defendants constitute party admissions, free of any hearsay consideration the could be otherwise raised; finding that Defendants late disclosures are not confidential as stamped by Defendants; informing the jury of the timing and fact of Defendants' late disclosure; awarding payment of Plaintiff counsels' reasonable expenses including attorney's fees caused by Defendants failure to disclose; imposing any other appropriate sanctions including but not

limited to any and rated in FRCP 37; and granting such further relief as the Court may deem just and proper under the circumstances.

                                SHAPIRO APPLETON & DUFFAN, P.C.

                                By    /s/Richard N. Shapiro

                                    Richard N. Shapiro  (VSB NO. 24324)

                                    1294 Diamond Springs Road
                                    Virginia Beach, VA 23455

                                    (757) 460-7776 (telephone)

                                    (757) 460-3428 (facsimile)
                                    RShapiro@hsinjurylaw.com

AND
SULLIVAN LAW

                                    Robert C. Sullivan
                                    1600 Baltimore, Suite 200
                                    Kansas City MO  64108
                                    (816) 221-9922 (telephone)
                                    (816) 817-1962 (facsimile)
                                    rsullivan@sullivantrial.com
                                    *Admitted Pro Hac Vice*
                                    ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by () regular U.S. Mail, postage prepaid; (  ) facsimile; (  ) overnight delivery; (X) electronic transmission and/or (  ) hand delivery, this 9th day of January, 2015, to:

John R. Owen

Julie S. Palmer
David J. Esposito
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  70280
jowen@hccw.com
jpalmer@hccw.com
desposito@hccw.com

ATTORNEYS FOR DEFENDANTS
HOME DEPOT U.S.A., INC.;
RYOBI TECHNOLOGIES, INC.;
ONE WORLD TECHNOLOGIES, INC.
AND TECHTRONIC INDUSTRIES
NORTH AMERICA, INC.

ATTORNEYS FOR DEFENDANTS

                  s/Richard N. Shapiro
                  Attorney for Plaintiff