**Ex. A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEPHEN E. BILENKY, ADMINISTRATOR
OF THE ESTATE OF FRANK S. WRIGHT,
DECEASED,

    Plaintiff,

v.                                                  Case No. 2:13-CV-345

RYOBI LTD., RYOBI NORTH AMERICA,
INC., TECHTRONIC INDUSTRIES CO.,
LTD., TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., RYOBI TECHNOLOGIES,
INC., ONE WORLD TECHNOLOGIES, INC.,
HOME DEPOT USA, INC., AND THE
HOME DEPOT, INC.,

    Defendants.

## DEFENDANTS TECHTRONIC INDUSTRIES NORTH AMERICA, INC., RYOBI TECHNOLOGIES, INC. AND ONE WORLD TECHNOLOGIES, INC.'S ANSWERS TO PLAINTIFF'S FIRST SUPPLEMENTAL SET OF INTERROGATORIES

Defendants Techtronic Industries North America, Inc., Ryobi Technologies, Inc., and One World Technologies, Inc., by counsel, state as follows for their Answers to Plaintiff's First Supplemental Set of Interrogatories.

### Preliminary Statement

Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc. are irrelevant parties that had no involvement in the design, manufacture or sale of the subject lawn tractor. Plaintiff did not sue the manufacturer of the subject lawn tractor.

## General Objections

a. Defendants object generally to the instructions, definitions, and interrogatories to the extent that they seek information or documents protected by the attorney/client privilege and the work product doctrine.

b. Defendants object to the extent that the Interrogatories seek information or documents, or seek to impose requirements beyond what is permitted by the Federal Rules of Civil Procedure.

c. The word usage and sentence structure in these responses may be that of the attorney assisting in the preparation of the responses.

## Specific Objections and Answers

1. With regard to all specially retained experts that any defendant to this action has named, or is named and disclosed later in this action, and with regard to Husqvarna, which has disclosed that it is providing insurance coverage to other defendants (including monies paid by any of your agents or retained attorneys on your behalf), provide the following information for the period January 1, 2010 to the present, year by year,

   a) The total monetary compensation paid by any Defendant, and by Husqvarna, to each such expert (or to any entity receiving income paid to such expert) as reflected by any calendar year IRS mandated forms provided to such expert or entity.

   b) The total monetary compensation each such expert(s) has/have received individually, or by company billing for services, relating to forensic and/or civil litigation consulting for the time frame above, from all sources, including studies, reports, professional services, depositions or trials.

c) Produce all bills, invoices and statements reflecting professional services billed to and Defendant or Husqvarna, by any and all disclosed experts in this action.

**ANSWER:** **Objection, Plaintiffs have exceeded the number of Interrogatories permitted by the Federal Rules of Civil Procedure and local rules of court. By way of further objection, this Interrogatory seeks information beyond the scope of permissible expert discovery pursuant to the Federal Rules of Civil Procedure. Moreover, part (c) of the Interrogatory improperly seeks the production of documents and is, therefore, outside the scope of Federal Rule of Civil Procedure 33. By way of further objection, this Interrogatory calls for information which, pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i), is more properly sought through deposition of Defendants' experts. Finally, this Interrogatory improperly seeks information from Husqvarna who is not a party to this action.**

> **Subject to, and without waiver of, the aforesaid objections and in an effort to respond, all responsive, discoverable information related to the work Defendants' experts performed on this case will be provided at the time of the depositions of Defendants' experts.**

2. The report of Neil P. Wu states: "Approximately 18,600 units in the model family were reportedly produced with the same rubber hose connection and fixed outlet plastic fuel tank." For this interrogatory, state exactly how many fuel line separations, or fires, on any "units in the model family" were made known to Husqvarna, by warranty claims, dealer claims or any other manner of notification, or which caused any property damage or personal injury, that were made known to Husqvarna from any consumer or business for the above model family.
[Note: Husqvarna has disclosed that it is providing a defense to one or more defendants under its policy of insurance, and at least one expert report was produced to an attorney representing Husqvarna. Accordingly the plaintiff asserts that Husqvarna must properly produce the materials requested for one or more of the named defendants].

**ANSWER:** **Objection, Plaintiffs have exceeded the number of Interrogatories permitted by the Federal Rules of Civil Procedure and local rules of court. Defendants further object to Plaintiff's "Note" as same constitutes argument of Plaintiff's counsel, assumes facts not in evidence and improperly attempts to broaden the scope of discovery beyond that permitted by the Federal Rules of Civil Procedure. By way of further objection, this**

3

**Interrogatory seeks information regarding lawn tractors with different component parts, different histories of maintenance and usage and therefore the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. By way of further objection, this Interrogatory improperly seeks information from Husqvarna who is not a party to this action.**

> **Subject to, and without waiver of, the aforesaid objections and in an effort to respond: Upon information and belief, and based upon information provided by Husqvarna to Home Depot U.S.A., none. See Home Depot U.S.A.'s Answer to Plaintiff's First Supplemental Interrogatory # 2.**

3. In your Confidential Supplemental Answers to Plaintiff's First Interrogatories and Confidential Supplemental Response to Plaintiff's First Request for Production of Documents and Tangible Things you state that "[b]y July 2006, Husqvarna identified all tractors which contained the component parts (low perm fuel line and 1.25 or 2.5 gallon fuel tanks) susceptible to this occurrence and initiated a recall campaign to replace the tanks and correct the issue" in reference to the recall campaign described in HDUSA 00463. HDUSA 00463 states: "Incidents/Injuries: : Husqvarna Outdoor Products Inc. received 886 reports of fuel lines that separated from the fuel tank outlet and 16 reports of fires related to this issue." For the 886 reports of separation and 16 reports of fires, please identify the following:

    a. The make, model and year of the lawn tractor, or other equipment involved;

    b. The date and what is claimed to have occurred

    c. The entity or person involved

    d. The nature of the injuries

    e. The identify witnesses to the incident

    f. The date defendant received notice of the incident

    g. The manner in which notice was conveyed to defendant

    h. All investigations and related documents of defendant

    i.        All testing performed, the identities of all persons involved and any related documents

    j.        Whether any alterations were made as a result of the incident or report

    k.        Whether any governmental body tested the product or conducted an investigation as a result

    l.        Whether any internal documents were created as a result of the incident

**ANSWER:** **Objection, Plaintiffs have exceeded the number of Interrogatories permitted by the Federal Rules of Civil Procedure and local rules of court. By way of further objection, this Interrogatory refers to a document which is irrelevant to the matters at issue in this litigation and was produced as part of set of documents collected from Plaintiff, Stephen Bilenky. By way of further objection, this Interrogatory seeks information regarding a recall that did not involve tractors in the subject model family, but rather, involved lawn tractors with different component parts and therefore, the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent this Interrogatory seeks information protected by the attorney-client privilege and the work product doctrine, Defendants object. Finally, this Interrogatory improperly seeks information from Husqvarna who is not a party to this action.**

> **Subject to, and without waiver of, the aforesaid objections and in an effort to respond: Unknown. But see Home Depot U.S.A., Inc.'s Answer to Plaintiff's First Supplemental Interrogatory #3.**

    4.        State the differences, if any, in the chemical composition of the material of the fuel tank on the tractor that is the subject of this case and the fuel tanks of the tractors or equipment identified in the July 11, 2006 recall campaign.

**ANSWER:** **Objection, Plaintiffs have exceeded the number of Interrogatories permitted by the Federal Rules of Civil Procedure and local rules of court. By way of further objection, this Interrogatory seeks information regarding a recall that did not involve the subject model family tractors, but rather, involved lawn tractors with different component parts and therefore, the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, it improperly seeks information from Husqvarna who is not a party to this action.**

Subject to, and without waiver of, the aforesaid objections and in an effort to respond: Unknown. But see Home Depot U.S.A., Inc.'s Answer to Plaintiff's First Supplemental Interrogatory #4.

    RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC., AND TECHTRONIC INDUSTRIES NORTH AMERICA, INC.

    By Counsel

*/s/ Julie S. Palmer*

John R. Owen (VSB No. 39560)
Julie S. Palmer (VSB No. 65800)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
jpalmer@hccw.com

Frederick W. Bode, III, Esq.
Douglas M. Grimsley, Esq.
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-392-5418 - Phone
888-811-7144 - Fax
rbode@dmclaw.com
dgrimsley@dmclaw.com

## CERTIFICATE

I hereby certify that a true copy of the foregoing was mailed [emailed and] this 23rd [23rd] day of June, 2014 to:

> Richard N. Shapiro, Esq.
> Patrick Austin, Esq.
> Shapiro, Lewis, Appleton & Duffan, P.C.
> 1294 Diamond Springs Road
> Virginia Beach, VA 23455
>
> Robert C. Sullivan, Esq.
> Sullivan, Morgan & Chronic LLC
> 1600 Baltimore Avenue, Suite 200
> Kansas City, MO 64108
> 816-221-9922 - Phone
> 816-817-1962 - Fax
> rsullivan@smctriallawyers.com

_/s/ Julie A. Palmer_
~~John R. Owen~~