IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEPHEN E. BILENKY, ADMINISTRATOR
OF THE ESTATE OF FRANK S. WRIGHT,
DECEASED,

    Plaintiff,

v.                            Case No. 2:13-CV-345

RYOBI LTD., RYOBI NORTH AMERICA,
INC., TECHTRONIC INDUSTRIES CO.,
LTD., TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., RYOBI TECHNOLOGIES,
INC., ONE WORLD TECHNOLOGIES, INC.,
HOME DEPOT USA, INC., AND THE
HOME DEPOT, INC.,

    Defendants.

## DEFENDANTS TECHTRONIC INDUSTRIES NORTH AMERICA, INC., RYOBI TECHONOLOGIES, INC. AND ONE WORLD TECHONOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S FIRST SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

Defendants Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One

World Technologies, Inc., by counsel, state as follows for their Responses to Plaintiff's First

Supplemental Request for Production of Documents and Tangible Things.

### Preliminary Statement

Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World

Technologies, Inc. are irrelevant parties that had no involvement in the design, manufacture or

sale of the subject lawn tractor. Plaintiff did not sue the manufacturer of the subject lawn tractor.

## General Objections

a.      Defendants object to the Requests, instructions, and definitions (hereinafter referred to as "requests, etc.") that purport to require more of it than that required by the Federal Rules of Civil Procedure.

b.      Defendants reserve until trial all of their objections to the admission into evidence of any of the following responses or objections.  None of the responses or objections below is a waiver of any evidentiary objections, which will be made at the appropriate time at trial.

c.      Defendants object to requests, etc., that invade or attempt to invade the attorney/client, work product, or any other applicable privilege.

d.      The word usage and sentence structure in the Responses is that of the attorney assisting in the preparation of the Responses.

## Specific Objections and Responses

1.      Produce each and every picture, videotape, or digitally created image that was captured by, or possessed by or on behalf of any retained expert in this case with regard to any inspection of equipment or property related to this case, as of the date of the filing of the expert report provided in this action.

**RESPONSE:  This Request seeks information that is beyond the permissible scope of discovery set forth in the Federal Rules of Civil Procedure. Furthermore, to the extent this this Request seeks information that is protected by the work product and trial preparation doctrines, Defendants object. By way of further objection, pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i) & (ii), this Request seeks information that is equally accessible to Plaintiff in that Plaintiff's experts have access to the same equipment and property to photograph themselves.**

**All photographs taken by Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts have been previously produced. Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts do not possess videotape of the subject lawn tractor or property. Techtronic Industries**

North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc. will identify and produce all trial exhibits in accordance with the Court's scheduling order.

2.      Produce each and every picture, videotape, or digitally created image that was captured by, or possessed by or on behalf of any retained expert in this case with respect to any picture or visual image included in any expert report, and with regard to any other pictures that such expert has already created and has possession of, as of the date of the filing of the expert report provided in this action.

**RESPONSE:** **Objection, the request for "any other pictures that such expert has already created and has possession of" is vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the subject mower or any other aspect of this particular case. By way of further objection, this Request seeks information that is beyond the permissible scope of discovery set forth in the Federal Rules of Civil Procedure. Furthermore, to the extent this Request seeks information that is protected by the work product and trial preparation doctrines, Defendants object. By way of further objection, pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i) & (ii), this Request seeks information that is equally accessible to Plaintiff and Plaintiff's experts.**

**All photographs taken by Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts have been previously produced. Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts do not possess videotape of the subject lawn tractor or property. Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc. will identify and produce all trial exhibits in accordance with the Court's scheduling order.**

3.      With the exception of materials produced by the Plaintiff to the Defendant, or pleadings filed by either party, produce each and every reference material explicitly listed by any retained expert as part of any expert report, that has not been provided to the Plaintiff, including photographs, videotape, digitally created imaging, including geometrically created spatial imaging, "survey" imaging of any inspection, and any computer generated images actually

possessed by such expert witness as of the date of the expert disclosure, or transmitted in draft or

final version to counsel for any defendant prior to, or subsequent to, this discovery request.

**RESPONSE:** Objection, this Request seeks information beyond the scope of permissible expert discovery pursuant to the Federal Rules of Civil Procedure. By way of further objection, this Request calls for expert opinion and therefore, pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i), information responsive to this Request is more properly sought through deposition of Defendants' experts. By way of further objection, pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i) & (ii), this Request seeks information that is equally accessible to Plaintiff and Plaintiff's experts.

> All photographs taken by Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts have been previously produced. Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts do not possess videotape of the subject lawn tractor or property. All reference material explicitly listed in Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s expert reports has either been previously provided to Plaintiff or is publicly available. Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc. will identify and produce all trial exhibits in accordance with the Court's scheduling order. All remaining materials, which are discoverable under the Federal Rules of Civil Procedure, will be made available at the time of the depositions of Techtronic Industries North America, Inc., Ryobi Technologies, Inc. and One World Technologies, Inc.'s experts.

4.    Produce all documents or media evidencing every item, memoranda, email or

note reporting on the circumstances of each such fire requested in Interrogatory No. 2 above,

irrespective of whether it was reported to have been caused by any fuel line separation (any fire

irrespective of cause must be disclosed involving any "model family" mower).

**RESPONSE:** Defendants object that the terms "all documents or media" are vague, ambiguous overly broad and unduly burdensome. Defendants further object to Plaintiff's "Note" set forth in Supplemental Interrogatory No. 2, as well as Plaintiff's parenthetical in the Request above as they constitute argument of Plaintiff's counsel, assumes facts not in evidence and improperly attempts to broaden the scope of discovery beyond that permitted by the Federal Rules of Civil Procedure. By way of further objection, this Request seeks information regarding lawn tractors with different component parts, different histories of maintenance and usage and therefore the information sought is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. To the extent this Request seeks information protected by the attorney-client privilege and/or the work product doctrine, Defendants object. By way of further objection, this Request improperly seeks information from Husqvarna who is not a party to this action.

> Subject to, and without waiver of, the aforesaid objections and in an effort to respond:  None in these entities' possession.

5.    Produce all documents or media evidencing the information provided in

your answer to Interrogatory No. 3 above.

**RESPONSE:** Defendants object that the terms "all documents or media" are vague, ambiguous overly broad and unduly burdensome. By way of further objection, Supplemental Interrogatory No. 3 refers to a document which is irrelevant and immaterial to the matters at issue in this litigation and was produced as part of set of documents collected from Plaintiff, Stephen Bilenky. By way of further objection, this Request seeks information regarding a recall that did not involve tractors in the subject model family, but rather, involved lawn tractors with different component parts and therefore, the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent this Request seeks information protected by the attorney-client privilege and the work product doctrine, Defendants object.  Finally, this Request improperly seeks information from Husqvarna who is not a party to this action.

> Subject to, and without waiver of, the aforesaid objections and in an effort to respond:  None in these entities' possession.  But see documents previously produced by Home Depot U.S.A., procured from Husqvarna.

RYOBI TECHNOLOGIES, INC., ONE
WORLD TECHNOLOGIES, INC.,
AND TECHTRONIC INDUSTRIES
NORTH AMERICA, INC.

By Counsel

John R. Owen (VSB No. 39560)
Julie S. Palmer (VSB No. 65800)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
jpalmer@hccw.com

Frederick W. Bode, III, Esq.
Douglas M. Grimsley, Esq.
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
412-392-5418 - Phone
888-811-7144 - Fax
rbode@dmclaw.com
dgrimsley@dmclaw.com

**C E R T I F I C A T E**

I hereby certify that a true copy of the foregoing was *emailed and* mailed this 23rd day of June, 2014 to:

Richard N. Shapiro, Esq.
Patrick Austin, Esq.
Shapiro, Lewis, Appleton & Duffan, P.C.
1294 Diamond Springs Road
Virginia Beach, VA 23455

Robert C. Sullivan, Esq.
Sullivan, Morgan & Chronic LLC
1600 Baltimore Avenue, Suite 200
Kansas City, MO 64108
816-221-9922 - Phone
816-817-1962 - Fax
rsullivan@smctriallawyers.com

John R. Owen