IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JAN 2 9 2015

CLERK, U. ......... COURT
N......... VA

STEPHEN E. BILENKY, ADMINISTRATOR
OF THE ESTATE OF
FRANK S. WRIGHT, DECEASED,

        Plaintiff,

v.

                                        CIVIL ACTION NO. 2:13cv345

RYOBI LTD.,
RYOBI NORTH AMERICA, INC.,
TECHTRONIC INDUSTRIES CO., LTD.,
TECHTRONIC INDUSTRIES NORTH AMERICA, INC.,
RYOBI TECHNOLOGIES, INC.,
ONE WORLD TECHNOLOGIES, INC.,
HOME DEPOT USA, INC.,
AND THE HOME DEPOT, INC.,

        Defendants.

### *MEMORANDUM ORDER*

Before the Court is Plaintiff's Emergency Motion for a Hearing based on Defendants'

late disclosure of responses to interrogatories.  Plaintiff filed exhibits and additional memoranda

in support of its Motion, ECF Nos. 133, 135, 137, and 138.  Defendants filed two Responses in

Opposition, ECF Nos. 136 and 140.  The Motion for a Hearing having been **GRANTED**, a

telephonic hearing was held on Friday, January, 9, 2015.  A second hearing on the Motion was

held on Tuesday, January 13, 2015.  This Memorandum Order further explains the Court's oral

Order of January 13, 2015.

      Having conducted a hearing and reviewed the briefs and exhibits, the Court finds that the

late disclosure regarding a prior incident with the same model Ryobi tractor at issue in the instant

case requires that the Court grant the Plaintiff remedial relief.  Under Rule 37 of the Federal

1

Rules of Civil Procedure, this Court has wide latitude to fashion an appropriate remedy where a party fails to timely comply with a discovery order. *See* Fed. R. Civ. P. 37. District courts are given wide latitude to levy appropriate sanctions in response to documented discovery violations. *S. States Rack & Fixture, Inc., v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The Court is well aware, however, that its discretion to impose sanctions is not unbridled. *Hathcock v. Navistar Intern. Trans. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). Unless the Court is satisfied that a failure to disclose or supplement an earlier interrogatory response was substantially justified or harmless, the Court may, on motion and after giving an opportunity to be heard, (1) order payment of the reasonable expenses, including attorney's fees, caused by the failure; (2) inform the jury of the party's failure; (3) direct that designated facts be taken as established for purposes of the action; (4) prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (5) strike pleadings in whole or in part; (6) stay further proceedings; (7) dismiss the action or proceed in whole or in part; (8) render a default judgment against the disobedient party; or (9) impose other appropriate sanctions. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Whether a failure to disclose or supplement an earlier response was substantially justified or harmless is governed by five critical factors. *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The Court must consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."). *Id.* The Fourth Circuit has routinely held that a District Court acts within its discretion when, after considering a motion and providing an opportunity for the parties to be

heard, it levies sanctions to cure an unfair surprise or an otherwise unsatisfactorily explained late disclosure. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir.1998) (affirming a default judgment sanction against a party that refused to comply with discovery orders requiring it to produce relevant documents); *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (*en banc*), *cert. denied*, 535 U.S. 986 (2002) (affirming a sanction of fees and expenses for the costs and fees of witness depositions where a party failed to timely supplement its answers to interrogatories); and *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (affirming the complete exclusion of an expert witness's opinion because of the lateness with which the opinion was disclosed). Importantly, the Fourth Circuit does not require a showing of bad faith in order to impose discovery violation sanctions. *S. States Rock and Fixture, Inc.*, 318 F.3d 592, 598. While a party's explanation for its late disclosure may be properly considered as one of the five factors discussed *supra*, there is no requirement that the aggrieved party demonstrate bad faith. *Id.*

Plaintiff moves this Court to impose sanctions on Defendants because of a late disclosure to interrogatories regarding a substantially similar incident of a tractor fire on a Ryobi tractor from the same model family of the tractor at issue in this case. ECF No. 133. Defendants respond that the disclosure was made as soon as new information was discovered, and that no information was purposefully withheld. ECF No. 136. Defendants further state that they have acted with complete candor with the Court and never intended to hide information from Plaintiff. *Id.* The Court notes that much of the information relating to the 2010 Jeffersonville, Indiana Ryobi tractor fire was in the possession of Husqvarna, the manufacturer of Plaintiff's lawn tractor and a non-party to this litigation. While Plaintiff never brought suit against Husqvarna, it

3

has been abundantly clear throughout these proceedings that Husqvarna, Ryobi, and Home Depot enjoy a close relationship with respect to the manufacture and sale of the lawn tractor at issue in this case. Husqvarna manufactured the tractor in question and Home Depot sold the tractor under the Ryobi brand.

In an effort to determine exactly what happened with respect to the disclosure, the Court held a telephonic hearing on January 9, 2015, and an in-person hearing on January 13, 2015. In determining whether the conduct at issue merited sanctions, the Court carefully considered the timeline of events as recounted by the parties at the hearings and in the briefs. The timeline of events is described here in detail:

On July 31, 2014, counsel for both parties deposed Defendants' expert Dan Nielsen. During his deposition, Mr. Nielsen was specifically asked if he had any knowledge of any other Ryobi tractor fires, and he unequivocally said no.[1] Mr. Nielsen did not in any way qualify his response. He did not say that he was unsure about other previous tractor fires, and he did not answer that no other fires occurred to his knowledge. Rather, Mr. Nielsen stated affirmatively and without reservation that he was not personally aware of any other fires. The Court now believes (and Mr. Nielsen concedes in his errata) that statement was absolutely false.

On November 24, 2014, at a hearing before a United States Magistrate Judge, Counsel for Defendants was specifically asked about prior accidents relating to fuel leaks on this model

---

[1]
Q.   How many fires are you aware of involving this model tractor?
A.   My understanding that a—a search was done of company records and that there are no fires with this model except for this particular one.
Q.   But other than company records, personally, are you aware of any?
A.   No.
ECF No. 138-4.

tractor. ECF 133 at 4. In response, Counsel said that an exhaustive search had been conducted and no other incidents were discovered.[2]

On or about December 17, 2014, a Husqvarna paralegal discovered information about a 2010 Ryobi tractor fire which she believed might be important to this litigation. She contacted Mr. Nielsen, who had investigated that fire. ECF Nos. 140-1 and 150.

On December 17, 2014, Mr. Nielsen, after being asked to do so by Husqvarna, a non-party in this case that has a close relationship with Defendants, sent his personal files relating to his investigation of the Jeffersonville, Indiana Ryobi tractor fire to the Husqvarna legal department. Jan. 13, 2015 Hear'g Tr. at 53-54. As an explanation as to why Mr. Nielsen did not immediately inform Defense counsel of the previous tractor fire and his involvement in the investigation, Mr. Nielsen alleges that he never opened or reviewed his files before turning them over.

On or about January 5, 2015, Defendants' counsel learned that Mr. Nielsen had conducted an investigation into the 2010 Ryobi-branded tractor fire in Jeffersonville, Indiana. Hear'g Tr. at 26.

On January 7, 2015, Defendants' counsel received a FedEx package containing materials related to the Jeffersonville, Indiana fire and prepared supplemental responses to interrogatories. Hear'g Tr. at 27.

On January 8, 2015, Plaintiff received from Defendants Second Supplemental Answers to Plaintiff's First Interrogatories, Defendants Second Supplemental Responses to Plaintiff's Request for Production of Documents and Tangible Things, and Defendants' Supplemental

---

[2] Specifically, Counsel noted, "And *we* looked. And, you know, you would think you would see 1 or 2 out of 18,000; none. And Keith Degner will testify to that; none. So they have a computer database, and he examined it, and *we* examined the model family, not just this one tractor but the model family that had the same fuel system, same engine. *We* went through the model family..." ECF No. 133 at 4 (emphasis added).

Privilege Log. ECF No. 133-3. Included with this disclosure was a set of notes on the 2010 Jeffersonville, Indiana tractor fire. The notes were made by Dan Nielsen, Defendants' expert witness retained to testify in this case. However, nowhere on the notes or any of the disclosures made to Plaintiff was any information that identified Mr. Nielsen as the individual who conducted the 2010 investigation. Defendants and Mr. Nielsen were fully aware of the fact that Mr. Nielsen had investigated the 2010 incident, and that information was not revealed to Plaintiff on January 8, 2015.

On January 9, 2015, the Court received and reviewed Plaintiff's Emergency Motion for a Hearing and Defendants' Response in Opposition. The Court also held a telephonic conference wherein counsel for both parties was present. The Court has thoroughly reviewed the transcript of that conference. The Court questioned counsel for both parties extensively about the recent Jeffersonville, Indiana incident disclosure. At one point, counsel for Defendants stated "[t]he only facts that I know about the documents are the same facts that plaintiffs' counsel knows..." Jan. 9, 2015, Hear'g Tr. at 14. Counsel continued by stating that his knowledge of the 2010 incident came from "the documents that I provided...yesterday." *Id.* Defendants also urged through their initial Response, ECF No. 136, that the 2010 incident "did not involve the same tractor at issue in this litigation..." The parties later agreed that the Jeffersonville, Indiana tractor and the tractor at issue in this case were indeed the same model. Based on the submissions from the parties, the arguments of counsel during the conference, and the law as described herein, the Court orally ruled that as a sanction for the discovery violation, information relating to the 2010 Jeffersonville fire would be treated as an admission of Defendants and read aloud to the jury during trial.

On January 10, 2015, Plaintiff's counsel received an email from Defendants' counsel regarding the Jeffersonville, Indiana fire. ECF No. 138-3. The email stated, "Plaintiffs do not know that Dan [Nielsen] investigated this; we are looking at his report and the questions he was asked at his deposition." *Id.* Defendants' counsel admitted to the Court that the email was intended only for Defense counsel and was inadvertently sent to Plaintiff's counsel. Jan. 13, 2015 Hear'g Tr. at 25.

On January 12, 2015, Defendants filed a second Response in Opposition to Plaintiff's Emergency Motion for a Hearing, and included an errata sheet for Dan Nielsen, changing his answer regarding his personal awareness of other Ryobi tractor fires from "no" to "[i]t has come to my attention that I previously investigated one other incident involving a Ryobi lawn tractor. The incident occurred on July 26, 2010 in Jeffersonville, Indiana. At the time of my deposition, I had no recollection of this incident or my investigation of any other incident involving a Ryobi model tractor." ECF No. 140-3. The Court notes that Mr. Nielsen's errata fails under Fed. R. Civ. P. 30(e)(1) because no request to alter or amend the transcript was made by the deponent or a party before the deposition was completed, a procedure explicitly required by the rule. Courts generally require strict adherence to the technical strictures of Rule 30. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 277 F.R.D. 286, 295 (E.D. Va. 2011) ("to effectuate Rule 30's policy of accuracy, courts generally insist on strict adherence to the technical requirements of this provision"). Further, Courts of this Circuit have disfavored allowing deponents to make substantive revisions to their deposition testimony that do not result from clerical or typographical errors by the reporter. *See Wyeth v. Lupin Ltd.,* 252 F.R.D. 295, 296–97 (D. Md. 2008) (denying a party's request to alter a deposition by errata in part because it substantively changed the witness's answer); *see also, Lee v. Zom Clarendon, L.P.,* 689 F. Supp. 2d 814, 819

7

(E.D. Va. 2010) (noting that altering a deposition to make substantive changes is not a permissible use of errata sheets). Depositions "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *E.I. du Pont de Nemours & Co.,* 277 F.R.D. at 297.

On January 13, 2015, the Court held a hearing on this matter, and heard sworn testimony from Mr. Nielsen. Under direct questioning from the Court, Mr. Nielsen testified that he never searched his own files relating to previous investigations of tractor fires in order to prepare for his deposition.[3] Yet at the deposition, Mr. Nielsen testified without qualifying his answer that he was not personally aware of any other tractor fires. Not only is that statement now revealed to have been false, but as the Court stated on the record at the January 13, 2015, hearing, Mr. Nielsen's testimony suggested to the Court that he failed to even conduct basic due diligence in preparation for his deposition. Hear'g Tr. at 66. On that basis, the Court finds that Mr. Nielsen's testimony significantly lacks credibility such that it would be inappropriate to permit him to

---

[3] Questioning by the Court:

Q.  But you would remember whether you had a tractor fire, wouldn't you?
A.  I remember some of them, yes, but I can't say, Your Honor, that I remember all of them, no.
Q.  But you remember enough so that you go look and search to determine whether there was one in your files?
A.  Whether there was a fire?
Q.  Yeah, in your file. You knew you were coming to the deposition and you knew that was a central question in this case. Did you ever go look in your files so that you could personally testify about what you knew, since you were being questioned on the subject? Did you search your files?
A.  No, I didn't go and look for maybe a hundred different fire files. I didn't go search them no.
Q.  Not look for a hundred, but did you search your files at all to find out whether you had investigated a tractor fire?
A.  I did not search my files, no.
Q.  But you testified about searching your files?
A.  In a deposition, yes.

ECF No. 150 at 66.

8

testify before a jury. Based on the submissions from the parties, the evidence received at the hearing, and the law as described herein, the Court ruled from the bench that as a sanction for what the Court believes are very serious discovery violations, Mr. Nielsen would not be permitted to testify.

The Court has considered the factors laid out in *S. States Rack And Fixture, Inc*, and finds that all five factors weigh in favor of sanctions. First, there is no question that a revelation about a tractor fire on the same brand of tractor involved in this case two business days before the start of a four-day jury trial, and after more than a year of litigation poses as surprise to Plaintiff. The entire discovery process was predicated on the fact that Defendants had routinely denied that any previous tractor fires occurred. Second, Plaintiff has almost no ability to cure the surprise. Absent a continuance and reopening discovery, Plaintiff has an extremely limited, if any, opportunity to gather information about the 2010 tractor fire. The third and fourth factors weigh in favor of sanctions because both parties agree that any evidence of previous fires involving a Ryobi tractor would be important in this case, and offering such evidence absent much discovery would certainly disrupt the trial. Finally, the Court has considered Defendants' explanation for their failure to disclose this information and believes that even if it is true that the existence of the 2010 Jeffersonville, Indiana fire caught Defendants completely by surprise, and even if it is true that neither Mr. Nielsen nor any of the Defense attorneys realized that Plaintiff had not been informed of Mr. Nielsen's involvement with the 2010 tractor fire investigation, those facts are plainly insufficient for the Court to find that this late disclosure is substantially justified or harmless. It is anything but.

Having considered the facts, the arguments of the parties, the law of this Circuit, and the need to enforce the discovery rules, the Court finds it necessary to levy appropriate sanctions.

The Court does not, however, believe it appropriate to grant the entirety of the relief Plaintiff seeks. First, the Court will treat the disclosure of the previous accident with a Ryobi tractor as an admission by the Defendants pursuant to Federal Rule of Evidence 801 and Federal Rule of Civil Procedure 37(b)(2)(A)(i), such that disclosure of the incident is admissible without further challenge at trial. ECF No. 170. The Court will read the admission to the Jury, and neither party will be permitted to argue any facts not contained within the admission and the two photographs attached thereto.

Second, the Court **EXCLUDES** the testimony of Mr. Nielsen. Mr. Nielsen is not permitted to testify at trial. The Court believes this sanction is proportionate to what the Court believes is a serious discovery violation. The Fourth Circuit has previously affirmed a decision of a district court to exclude an opinion of an expert witness because a late disclosure prevented the opposing party from fully preparing to respond to the opinion. *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Here, Mr. Nielsen's investigation of the previous Ryobi tractor fire is relevant to the entirety of his proffered testimony, and as such, the only relief that can completely cure the prejudice suffered by Plaintiff is the complete exclusion of Mr. Nielsen as a witness. It is not necessary to reach the issue of whether any intentional misconduct occurred, because it is abundantly clear that Mr. Nielsen's deposition response that he was not aware of any previous Ryobi lawn tractor fires was absolutely false. Mr. Nielsen's errata sheet effectively concedes that his statement that he was not personally aware of any other fires involving a Ryobi-branded tractor was simply not true. Mr. Neilson investigated the 2010 Jeffersonville, Indiana fire, and he turned over his notes from that investigation to Husqvarna sometime between December 17, and December 19, 2014. Nevertheless, neither Mr. Nielsen nor Defense counsel disclosed his involvement in the previous

tractor fire investigation until January 10, 2015, a full day after the Court held a hearing on the matter, and a full day after Defense counsel stated that Plaintiffs had all of the facts pertaining to the new discovery documents. More troubling, however, is the fact that Defense counsel concedes that the January 10, 2015, disclosure of Mr. Nielsen's involvement in the 2010 Jeffersonville, Indiana fire investigation was completely inadvertent. Both Mr. Nielsen and Defense counsel argued to the Court that the failure to inform Plaintiff of Mr. Nielsen's involvement resulted from the fact that no member of the Defense, including Mr. Nielsen, reviewed the last-minute disclosures closely enough to determine that Mr. Nielsen's identification appeared nowhere. The Court finds this argument absolutely incredible.

The Court will not grant default judgment for Plaintiff, nor will the Court inform the jury of Defendants' late disclosure of the Jeffersonville fire. The Court also refuses to order payment of expenses or attorney's fees. The Court notes that it has the discretion to grant all of the relief Plaintiff seeks, but it refuses to do so because granting such extraordinary relief would not be proportionate to the violation that has occurred.

Finally, Plaintiff having established no justification for Defendants One World Technologies, Inc., and Techtronic Industries North America, Inc. being Defendants in the litigation after months of discovery, Defendants One World Technologies, Inc., and Techtronic Industries North America Inc. are hereby **DISMISSED** from the action.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED**.

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
January 28, 2015

11