IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEPHEN E. BILENKY, ADMINISTRATOR
OF THE ESTATE OF
FRANK S. WRIGHT, DECEASED,

    Plaintiff,

v.                                                               CIVIL ACTION NO. 2:13cv345

RYOBI TECHNOLOGIES, INC.,
HOME DEPOT U.S.A., INC.,

    Defendants.

## *MEMORANDUM OPINION & ORDER*

Before the Court is Plaintiff's Motion to State an Amount Sued For and Itemized Claims, ECF No. 144. Plaintiff has submitted a Memorandum of Law in Support of his Motion and Defendants have filed a Memorandum in Opposition. ECF No. 152. After reviewing the parties' briefs and the law of this Circuit, the Court **GRANTED** the motion from the bench on January 21, 2015. This Memorandum Opinion outlines the Court's reasoning.

The central question at issue is whether a district court of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") sitting in diversity may permit plaintiff's counsel to state an ad damnum in closing argument. The Fourth Circuit has not spoken as clearly on the issue as some of its sister circuits.

Federal courts sitting in diversity must apply state substantive law and federal procedural law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The test of whether an issue relates to substantive or procedural law is "whether a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering and remedy and redress for disregard or infraction of them." *Hanna v. Plumer*, 380 U.S. 460, 464 (1965) (citing

1

*Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)). Under Virginia law, it is perfectly permissible for counsel to ask the jury for a "fixed amount of non-economic loss caused by the defendant's negligence." *Wakole v. Barber*, 722 S.E.2d 238, 242 (Va. 2012). Further, "as long as there is evidence to support an award of non-economic damages, plaintiff is allowed to break the lump sum amount into its component parts and argue a 'fixed amount' for each element of damages claimed as long as the amount is not based on a per diem or other fixed basis." *Id.* When a closing argument is delivered in a Virginia court, "[t]her is no question that a plaintiff is allowed to ask for a total fixed dollar amount for any provable, non-economic damages to include bodily injury, physical pain, mental anguish (past and future), and inconvenience (past and future). *Id.* at 241. The Virginia Supreme Court's decision in *Wakole* follows a long line of cases finding argument about specific damages figures appropriate in a jury trial. *See also Bell v. Kriby*, 311 S.E.2d 799, 801-02 (Va. 1984) (declining to overrule two previous Virginia Supreme Court cases that plainly hold that counsel may mention the amount sued for in closing argument); *State Farm Ins. Co. v. Futrell*, 163 S.E.2d 181, 186 (Va. 1968) (holding that while it is improper for the Court to instruct the jury on the amount sued for, an argument by the plaintiff regarding the amount he believes he is entitled to is perfectly permissible); and *Phillips v. Fulghum*, 125 S.E.2d 835, 838 (Va. 1962) (holding for the first time in Virginia that the plaintiff may mention the amount sued for before the jury in closing argument). There is no question that if the issue before this Court could be properly decided as a matter of state substantive law, Plaintiff's Motion would be granted.

This Court finds, however, that the question of whether a lawyer in a federal diversity jury trial may allude to the amount sued for in closing argument is controlled by federal procedure, not state substantive law. *Dotson v. Ford Motor, Co.*, 218 F. Supp. 2d 815, 816 (W.D. Va. 2002) ("this is a matter of federal procedure, even in a diversity case.)" After looking to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, the Court has determined that there is no federal

2

rule on point. The Court has not found, and neither party has cited, any case of the United States Supreme Court or the Fourth Circuit that expressly prohibits an attorney from citing the amount sued for in his closing argument. As Defendants note, the Fourth Circuit has "repeatedly resolved that district courts have the discretion to limit and appropriately restrain closing arguments, including on the issue of damages for intangible, non-monetized amounts such as for pain and suffering." ECF No. 152 at 3 (citing *Mosser v. Freuhauf Corp.*, 940 F.2d 77, 81 (4th Cir. 1991); and *Murphy v. Nat'l R.R. Passenger Corp.*, 547 F.2d 816, 818 (4th Cir. 1977)). *See also Barnwell v. Barber-Colman*, 953 F.2d 637 (4th Cir. 1992) (unpublished table decision) ("It is the rule in this Circuit that the district court has the discretion to allow such an argument [about a specific monetary award] and should give a cautionary instruction to the jury regarding such an argument"). The Court is well aware of cases from the Fourth Circuit's sister circuits that find it improper for an attorney to cite a specific dollar amount in his closing argument. *E.g. Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir. 1990); and *Rodriguez v. Senor Frog's De La Isla, Inc.* 642 F.3d 28, 37 (1st Cir. 2011). However, Defendants are correct to note that "the Fourth Circuit does not appear to have followed the First Circuit's bright-line prohibition as to the [P]laintiff's request..." ECF No. 152 at 5. Indeed, "[t]he propriety of any reference to specific figures [in closing argument] may well depend on the extent to which that reference is grounded in the evidence." *Mosser*, 940 F.2d at 82. The Court therefore finds that the Fourth Circuit has not foreclosed lawyers citing the ad damnum in closing argument provided the Court limits the scope of the argument and takes care to instruct the jury beyond simply stating that arguments of counsel are not evidence. This Court was aware of these requirements upon ruling from the bench, and the closing argument and jury instruction phases of trial proceeded accordingly. This ruling is not inconsistent with rulings of other district courts of this Circuit, which have held that no *right* exists for a Plaintiff to state his ad damnum in closing argument. *Dotson,* 218 F. Supp. 2d at 817 (citing *Paul v. Gomez,* 190 F.R.D. 402, 403 n. 10

3

(W.D. Va. 2000)). The question is not whether Plaintiff has a *right* to state his ad damnum, but rather whether the Court may properly exercise the discretion granted by the Fourth Circuit in *Mosser*.

While the Court granted Plaintiff's motion, it followed the Fourth Circuit's caution against simply providing the 'boiler-plate' type of charge to the effect that arguments of counsel are not evidence. The jury was given the following instruction:

### AMOUNT SUED FOR IS NOT EVIDENCE

THE AMOUNT SOUGHT IS NOT EVIDENCE IN THIS CASE; YOU SHOULD NOT CONSIDER IT AS EVIDENCE IN ARRIVING AT YOUR VERDICT.

Immediately prior to the instruction regarding the amount sued for, the Jury was instructed:

### EFFECT OF INSTRUCTION ON DAMAGES

THE FACT THAT I HAVE INSTRUCTED YOU AS TO THE PROPER MEASURE OF DAMAGES SHOULD NOT BE CONSIDERED AS INDICATING ANY VIEW OF MINE AS TO WHICH PARTY IS ENTITLED TO YOUR VERDICT IN THIS CASE. INSTRUCTIONS AS TO THE MEASURE OF DAMAGES ARE GIVEN FOR YOUR GUIDANCE ONLY IN THE EVENT YOU SHOULD FIND IN FAVOR OF THE PLAINTIFF FROM A PREPONDERANCE OF THE EVIDENCE IN THE CASE IN ACCORDANCE WITH THE OTHER INSTRUCTIONS.

Still, the Court found it appropriate to further instruct the jury:

### REASONABLE PROOF OF DAMAGES

THE BURDEN IS ON THE PLAINTIFF TO PROVE BY A GREATER WEIGHT OF THE EVIDENCE EACH ITEM OF DAMAGE HE CLAIMS AND TO PROVE THAT EACH ITEM WAS CAUSED BY THE DEFENDANT'S NEGLIGENCE. HE IS NOT REQUIRED TO PROVE THE EXACT AMOUNT OF HIS DAMAGES, BUT HE MUST SHOW SUFFICIENT FACTS AND CIRCUMSTANCES TO PERMIT YOU TO MAKE A REASONABLE ESTIMATE OF

EACH ITEM. IF THE PLAINTIFF FAILS TO DO SO, THEN HE CANNOT RECOVER FOR THAT ITEM.

Though the Court in *Mosser* cautioned against relying solely on an instruction that the arguments of counsel are not evidence, the *Mosser* Court did provide that the trial court may place appropriate restrictions on counsel's argument. *Mosser*, 940 F.2d at 82. In accordance with *Mosser*, the Court instructed the jury on multiple occasions (prior to the start of trial, during objection arguments, and upon reading the jury instructions) that the arguments or statements of lawyers do not constitute evidence and are not to be considered as such. This instruction is of course in addition to the four specific instructions given on damages.[1]

Accordingly, the Court finds that there exists no Fourth Circuit prohibition against a district court permitting counsel to simply state an ad damnum in closing argument. The court may, in its discretion, permit an attorney to cite the amount sued for provided there is sufficient evidence submitted to the jury that could reasonably sustain the monetary request, and the court both limits the scope of argument and instructs the jury beyond simply stating that arguments of counsel are not evidence. Therefore, the Court **GRANTED** Plaintiff's Motion, limited argument, and instructed the jury accordingly.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 28, 2015

Raymond A. Jackson
United States District Judge

---

[1] Immediately preceding the Court's instruction that the amount sued for is not evidence and is not to be considered as evidence when the jury arrives at its verdict, the Court instructed the jury that it could award damages for proven non-economic losses in accordance with Virginia Model Jury Instruction 9.100.

5