**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



FILED

JUN 2 6 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

STEPHEN E. BILENKY, ADMINISTRATOR
OF THE ESTATE OF
FRANK S. WRIGHT, DECEASED,

      **Plaintiff,**

v.

                                    **CIVIL ACTION NO. 2:13cv345**

RYOBI TECHNOLOGIES, INC.,
HOME DEPOT U.S.A., INC.,

      **Defendants.**

## *MEMORANDUM OPINION AND ORDER*

      Before the Court are two motions:  Defendant Ryobi Technologies, Inc.'s Rule 50(b)

Renewed Motion for Judgment as a Matter of Law (ECF No. 187) and Defendant Ryobi

Technologies, Inc.'s Rule 59(b) Alternative Motion for a New Trial (ECF No. 189).  For five

days between January 14, 2015, and January 22, 2015, this Court held a civil jury trial in this

matter.  On January 22, 2015, the jury returned a verdict against Defendant Ryobi Technologies,

Inc., and awarded Plaintiff 2.5 million dollars.  Defendant then timely filed the instant motions.

      Defendant submitted Amended Memoranda in Support of both Motions (ECF Nos. 191

and 192).  Plaintiff filed a Memorandum in Opposition to Defendant Ryobi's [sic] Renewed

Motion for Judgment as a Matter of Law (ECF No. 196) and a Motion to Strike and

Memorandum in Opposition to Defendant Ryobi's Rule 59(b) Motion for New Trial (ECF No.

197).  Defendant Ryobi Technologies, Inc. filed Rebuttal Memoranda in Support of both

Motions (ECF Nos. 198 and 199).  Plaintiff filed Notice of Preference for Ruling or

Determination Based Upon Briefs Alone (ECF No. 200).  Defendant Ryobi Technologies, Inc.

filed Notice of Request for Hearing or Oral Argument on Post-Trial Motions (ECF No. 201).

Having fully considered the parties' briefs, the trial transcript, and the record, the Court

has determined that a hearing would not aid in the decisional process.  This matter having been

fully briefed, it is now ripe for judicial determination.  For the reasons stated below, Defendant's

Rule 50(b) Renewed Motion for Judgment as a Matter of Law is **DENIED**.  Defendant's Rule

59(b) Alternative Motion for a New Trial is also **DENIED**.  Plaintiff's Motion to Strike is

cumulative of its many repeated filings throughout the course of this litigation and the Court

finds absolutely no meritorious basis to strike Defendant's Motions or briefs.  Therefore,

Plaintiff's Motion to Strike is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This case stems from Plaintiff's decedent, Frank Wright's death on December 23, 2010.

Mr. Wright purchased a Ryobi-branded riding lawn tractor from Home Depot in September

2005, and he died from fire-related injuries that he suffered while riding the lawn tractor on

December 23, 2010.

### A. Tractor Incident

On December 23, 2010, Frank Wright was operating his Ryobi-branded lawn tractor in

his backyard in Chesapeake, Virginia.  At some point during Mr. Wright's operation of the lawn

tractor, a fire started.  The cause of the fire was hotly debated throughout trial and was a critical

factual question for the jury.  As discussed below, the jury was presented with sufficient

evidence to conclude that a defect in the lawn tractor caused the fire, and ultimately led to Mr.

Wright's death.  Plaintiff's wife, Audrey, testified via video deposition that she heard a very loud

noise and looked outside to see her husband and his lawn tractor consumed in flames. Mr. Wright later passed away from the injuries he suffered in the fire.

**B. Plaintiff's Lawsuit**

On June 19, 2013, Defendant Home Depot USA, Inc. removed this case from Norfolk Circuit Court. The Complaint initially named eight defendants: 1) Ryobi LTD; 2) Ryobi North America, Inc.; 3) Techtronic Industries Co., LTD; 4) Techtronic Industries North America, Inc.; 5) Ryobi Technologies, Inc.; 6) One World Technologies, Inc.; 7) Home Depot U.S.A., Inc.; and 8) The Home Depot, Inc. ECF No. 1. The Court received a copy of the Answer Home Depot U.S.A., Inc. filed in state court, ECF No. 3, as well as Answers filed by Defendants Ryobi Technologies, Inc., (ECF No. 9), One World Technologies, Inc. (ECF No. 11), and Techtronic Industries North America, Inc. (ECF No. 13).

The parties conducted more than a year of discovery, and argued numerous pretrial motions before the United States Magistrate Judge. On August 27, 2014, Defendants Home Depot U.S.A., Inc. and One World Technologies, Inc. filed Motions for Summary Judgment and related Memoranda in Support. ECF Nos. 68, 69, 70, and 71. On September 12, 2015, Plaintiff filed Memoranda in Opposition to both Motions for Summary Judgment. ECF Nos. 94 and 95. On September 22, 2015, Defendants One World Technologies, Ryobi Technologies, Inc., Techtronic Industries, Inc. and Home Depot U.S.A., Inc., filed Replies to Plaintiff's Opposition to Summary Judgment.

On October 22, 2014, the United States Magistrate Judge issued two Orders that would play an integral part of the trial proceedings. First, the Magistrate Judge issued an Omnibus Order on Motions in Limine. ECF No. 106. Second, the Magistrate Judge filed an Order on Admissibility of Evidence of Recalls. ECF No. 107.

3

On November 11, 2014, Plaintiff filed Objections to Magistrate Judge's Ruling or Recommendation on Order on Motions in Limine, ECF No. 111, and Defendants Replied, ECF Nos. 114 and 115. On December 16, 2014, this Court Denied a Motion for a Hearing on Plaintiff's objections, overruled the objections and affirmed the Magistrate Judge. ECF No. 123.

On December 19, 2014, Defendants Home Depot U.S.A., Inc., One World Technologies, Inc., Ryobi Technologies, Inc., and Techtronic Industries North America, Inc., filed Objections to the Magistrate Judge's Order on Motions in Limine, ECF No. 124. Defendants also requested a hearing on the objections. ECF No. 125. On January 9, 2015, the Court denied Defendants' request for a hearing, overruled Defendants' objections and affirmed the Magistrate Judge. ECF No. 134.

On January 9, 2015, Plaintiff filed an Emergency Motion for Hearing, ECF No. 133, alleging that Defendants had, for the first time, disclosed the existence of another tractor fire involving a Ryobi-branded lawn tractor. *Id.* Understanding that the issue of whether any other similar incidents had occurred with Ryobi-branded lawn tractors had been a sticking point throughout the discovery process, and appreciating that trial was fast approaching, the Court granted the motion and held a telephone conference call on the afternoon of January 9, 2015. *Id.* Counsel for Plaintiff informed the Court that Defendants had very recently provided Plaintiff with new discovery material regarding another tractor incident involving a Ryobi lawn tractor. Defendants argued that the information was new to Defendants and that it had been turned over almost immediately upon its discovery. The Court found that such a late discovery, regardless of its cause, disadvantaged Plaintiff. The Court also notified the parties that after reviewing the summary judgment briefs and hearing argument of the parties during the conference call, Defendants Techtronic Industries North America, Inc. and One World Technologies, Inc. would

be dismissed from the action.  The parties were further directed to submit a proposed factual

statement regarding the newly-disclosed previous Ryobi-branded lawn tractor fire that the Court

would read to the jury during trial.  *Id.*

On January 11, 2015, Plaintiff Filed a Memorandum in Further Support of Emergency

Motion for Hearing, ECF No. 138, which alleged that one of the Defendants' expert witnesses

had investigated the previous Ryobi lawn tractor incident.  Further, Plaintiff submitted an email

that was inadvertently sent to Plaintiff's counsel wherein Defendants' counsel notes that the

defense expert had in fact investigated the previous fire, and that Plaintiff's attorneys were

unaware of that fact.  *Id.*  The Court held a telephone conference with the parties on January 12,

2015, and heard further argument on this issue on January 13, 2015.  ECF No. 141.  At the

conclusion of the hearing the Court ruled that Defendants' expert Dan Nielsen would be

excluded from testifying as a result of his involvement in the investigation of the previous

Ryobi-branded lawn tractor fire, and his failure to disclose that involvement until after Defense

counsel inadvertently did so.  Further, the Court issued a detailed Order addressing Defendants'

late disclosure and Mr. Neilsen's exclusion from trial.  ECF No.  172.

On January 14, 2015, the Court and counsel conducted voir dire.  Nine jurors were

empaneled.  Trial continued until the jury issued its verdict on January 22, 2015.

## II. TRIAL

### A. Plaintiff's Case-in-Chief

Trial began on January 14, 2015, with opening statements from both parties.  The jury

first heard from Chesapeake firefighter paramedic Shawn McCoy, who testified about the scene

at the Wright home shortly after the fire.  ECF No. 179.  The jury next heard from Captain Brian

Fancher of the Chesapeake Fire Department, who also testified about the scene at the Wright

home. *Id.* The jury also heard from Plaintiff's expert witness Richard Dyer, Mr. Wright's wife Audrey Wright, William Brown, Timothy Seymour, another expert witness Steve Christoffersen, Eldridge Boone, Betty Bilenky, Linda Ethridge, and Stephen Bilenky.

**B. Defense Motions**

At the conclusion of Plaintiff's case-in-chief, Defendants motioned for judgment as a matter of law on all counts pursuant to Rule 50 of the Federal Rules of Civil Procedure. The Court granted the motion in part and denied the motion in part. The motion was granted on Plaintiff's gross negligence claim, as the Court found that Plaintiff had not submitted legally sufficient evidence such that a reasonable jury could find in favor of plaintiff on the gross negligence claim. The Court denied the motion on the remaining claims, but noted on the record that Defendants could renew their motion if appropriate later in the proceedings.

**C. Defense's Case-in-Chief**

Defendants called three witnesses: Steve Brinkman, Dr. Paul Pontier—Mr. Wright's treating physician, and expert witness Dr. Neil Wu.

**D. Post-Trial Motions**

Following the conclusion of closing arguments, and outside the presence of the jury, Defendants motioned for a mistrial based on certain statements Plaintiff's counsel made during closing argument. The Court denied the motion and the jury was instructed on the appropriate law and began its deliberations. On January 22, 2015, the jury returned with a verdict in favor of Plaintiff and against Ryobi Technologies, Inc. Home Depot U.S.A., Inc. was found not liable. The jury awarded damages in the amount of 2.5 million dollars. Upon request from Defendants, the Court polled the jury and confirmed that each juror agreed with the verdict. Outside the presence of the jury Defendants motioned for a new trial based on inconsistencies in the verdict,

the motion was argued, and the Court instructed the jury to further deliberate. The jury returned once again with the same verdict, and the verdict was read into the record. Defendants then renewed their motion for a new trial based upon inconsistences in the verdict and motioned for a directed verdict. The Court directed counsel to file post-trial motions in accordance with the rules.

On February 19, 2015, Defendant filed a Renewed Motion for Judgment as a Matter of Law. ECF No. 187. A Memorandum in Support, ECF No. 188, was filed that same day, and in accordance with a Notice of Correction issued by the Clerk, an Amended Memorandum in Support, ECF No. 191, was filed on February 20, 2015.

Defendant also filed its Alternative Motion for a New Trial on February 19, 2015. ECF No. 189. Similarly, the Court first received a Memorandum in Support, ECF No. 190, and on February 20, 2015, an Amended Memorandum in Support, ECF No. 192. As explained below, the Court deems both Motions and the associated memoranda timely filed.

On February 27, 2015, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Judgment as a Matter of Law, ECF No. 196, and a Memorandum in Opposition to Defendant's Motion for a New Trial, ECF No. 197.

On March 5, 2015, Defendant filed Rebuttal Briefs for both its Motion for Judgment as a Matter of Law and its Motion for a New Trial, ECF Nos. 198 and 199.

The only other Motion currently pending in this matter is Plaintiff's Motion for Reconsideration, ECF No. 203, which the Court dispenses with in a separate Order.

## III. LEGAL STANDARD

### A. Renewed Motion for Judgment as a Matter of Law

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, a party is entitled to judgment as a matter of law if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Where the Court finds judgment as a matter of law appropriate, the Court may resolve the issue against the party and "grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1)(B). The motion "may be made at any time before or after the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Where the court does not grant a motion for judgment as a matter of law during trial, the movant may, within 28 days after the entry of judgment—or of the motion addresses a jury issue not decided by verdict, no later than 28 days after the jury was discharged—file a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b). The party may also include an alternative or joint request for a new trial under Rule 59.

When considering the motion for judgment as a matter of law, the court reviews the evidence in the light most favorable to the non-moving party. *Fontenot v. Taser Int'l, Inc.,* 736 F.3d 318, 332 (4th Cir. 2013); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 404–05 (4th Cir .1999). Further, "Judgment as a matter of law is proper when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Chaudhry*, 174 F.3d at 405 (internal quotation marks omitted). "The movant is entitled to judgment as a matter

of law if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir.1995) (internal quotation marks omitted). On a renewed motion for judgment as a matter of law, the essential question before the court becomes whether substantial evidence supports the jury's findings. *Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). In deciding whether a party is entitled to judgment as a matter of law the Court must not weigh the evidence or make credibility determinations, and must draw all inferences in favor of the non-movant. *Reeves v. Sanderson Plumbing Prod. Inc.*, 530 U.S. 133, 150 (2000); *Murdaugh Volkswagen, Inc., v. First Nat'l Bank*, 801 F.2d 719, 725 (4th Cir. 1986).

If "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and a motion for judgment as a matter of law should be denied." *Fontenot v. Taser Int'l, Inc.*, 736 F.3d 318, 332 (4th Cir. 2013)

## B. Alternative Motion for a New Trial

Rule 59 of the Federal Rules of Civil Procedure provides the district court with discretion to grant a new trial on all or some of the issues previously tried. Fed. R. Civ. P. 59(a)(1). On motion, the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court..." Fed. R. Civ. P. 59(a)(1)(A). A motion pursuant to Rule 59 is considered timely filed only if filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). A "decision on a motion for a new trial rests within the sound discretion of the trial court." *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir.1960).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") requires that a district court grant a new trial pursuant to Rule 59 only if "(1) the verdict is against the clear

weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a

miscarriage of justice, even though there may be substantial evidence which would prevent the

direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587,

594 (4th Cir.1996). Prongs one and two require the court to make factual determinations.

*Fairshter v. American Nat'l Red Cross*, 322 F.Supp.2d 646, 650 (E.D.Va.2004) (citing Atlas

Food Sys. Servs., Inc., 99 F.3d at 594). The final prong "requires a policy analysis under which

the 'judge's unique vantage point and day-to-day experience with such matters lend expertise.'"

*Id.* (quoting *Atlas Food Sys. Servs., Inc.*, 99 F.3d at 594). Unlike a court ruling on a Rule 50

motion for judgment as a matter of law, a court faced with a motion for a new trial pursuant to

Rule 59, "may make credibility judgments in determining the clear weight of the evidence."

*Lovell v. BBNT Solutions, LLC*, 295 F.Supp.2d 611, 618 (E.D.Va.2003) (citing *Knussman v.*

*Maryland*, 272 F.3d 625, 647 (4th Cir.2001)).

On review, "[a] district court's denial of a motion for a new trial is reviewed for abuse of

discretion[ ] and will not be reversed save in the most exceptional circumstances." *Minter v.*

*Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir.2014).

## C. Evidentiary Issues

Evidentiary rulings are committed to the sound discretion of the district court. *Minter v.*

*Wells Fargo Bank, N.A.*, 762 F.3d 339, 345 (4th Cir. 2014). Because the trial judge is intimately

familiar with the matter before it, the Fourth Circuit will "review a trial court's rulings on the

admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling

that is arbitrary and irrational." *Minter*, 762 F.3d at 349 (internal quotation marks omitted).

Furthermore, the Court of Appeals will only "set aside or reverse a judgment on the grounds that

evidence was erroneously admitted unless justice so requires or a party's substantial rights are affected." *Creekmore v. Maryview Hosp.*, 662 F.3d 686, 693 (4th Cir.2011).

## IV. DISCUSSION

### A. Defendants' Renewed Motion for Judgment as a Matter of Law

Defendant Ryobi Technologies, Inc. poses two questions in its Renewed Motion for Judgment as a Matter of Law. First, Defendant states,

> Under Virginia law, a product liability defendant can be held liable for negligence only if it manufactured or sold the product. The undisputed record evidence establishes that Ryobi Technologies neither manufactured, sold, nor had anything else to do with this product. The plaintiff has not presented any evidence to the contrary. Is Ryobi Technologies entitled to judgment as a matter of law? The answer to this question is yes.

ECF No. 191 at 1. On this question, Defendant argues that "there is simply no record evidence of any involvement of Ryobi Technologies sufficient to support a verdict for negligence against it as a manufacturer or seller under Virginia law." *Id.* At the crux of Defendant's argument is the fact that the parties seemingly agree that the primary manufacturer of the lawn tractor was the company Husqvarna—a company that is not now and never has been a party to this lawsuit. For that reason and others discussed below, Defendant argues "there is no legally sufficient evidence in this record to support the judgment on the negligence claim against Ryobi Technologies." *Id.*

Even if the Court concludes that Ryobi Technologies was properly included as a defendant despite what Defendant calls "the utter lack of any record evidence of its involvement in the manufacture or sale of this product," Defendant raises this second issue,

> Under Virginia law, all of the negligence theories on which the plaintiff relied—design defect, failure to warn, or failure to inspect or test—require proof of an actual defect and proximate cause. The plaintiff's expert identified only what he called a better design in an alternative tank. But he never did any testing or provided any other sufficient evidence to support that the design used in the

> tractor at issue was actually defective, or that it caused the fire in
> this tractor. Moreover, he failed to rule out the other causes for
> fuel involvement in this fire that the plaintiff's other expert
> identified. Is Ryobi Technologies entitled to judgment as a matter
> of law due to the lack of a legally sufficient basis to support the
> jury's negligence verdict? The answer to this question is likewise
> yes.

ECF No. 191 at 2. On this question, Defendant argues that "[n]one of the plaintiff's proffered

explanations for the jury's negligence verdict against Ryobi Technologies have sufficient record

evidence to withstand judgment as a matter of law." *Id.*

Plaintiff counters that Defendant's claims regarding Ryobi Technologies' lack of

involvement with the Wright tractor is "untenable." ECF No. 196 at 3. Specifically, Plaintiff

argues that "[i]t's common sense—if you put your name on a product, you bear the responsibility

for that product if it harms a consumer. Not only is it common sense, but it's a valid legal

principle in the Fourth Circuit under the decisions of *Swift & Co. v. Blackwell*, 84 F.2d 130 (4th

Cir. 1936) and its progeny..." *Id.*

On Defendant's second argument, that none of the record evidence sustains the jury's

negligence verdict against Ryobi Technologies, Plaintiff argues that (1) there was legally

sufficient evidence of an actual defect in the Ryobi tractor's fuel delivery system, (2) there was

legally sufficient evidence that the defective fuel tank system caused a fuel-fed fire on December

23, 2010, (3) there was legally sufficient evidence that Ryobi had knowledge of a defect in the

fuel tank system prior to Mr. Wright's purchase of the tractor in 2005, (4) Ryobi breached its

post-sale duty to warn of defects in the fuel tank system and the availability of a redesigned fuel

tank, and (5) there was legally sufficient evidence that Ryobi negligently failed to inspect or test

the model tractor. ECF No. 196.

### 1. Ryobi Technologies, Inc. is a Proper Defendant

The Court finds that Ryobi Technologies is a proper defendant in this case, and that the jury was presented with sufficient evidence to conclude that Ryobi Technologies is liable for the injuries Frank Wright suffered on December 23, 2010.

Defendant contends that throughout the entirety of these proceedings, "plaintiff presented no evidence—none—establishing a basis for recovery against Ryobi Technologies under any legal theory recognized by Virginia law." ECF No. 191 at 11. In Virginia, recovery on negligence and breach of implied warranty claims is permissible only against manufacturers or sellers of defective products. *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 821 (E.D. Va. 2005) (quoting *Bly v. Otis Elevator Co.*, 713 F.2d 1040, 1042-43 (4th Cir. 1983)). The question then becomes whether the record established that Ryobi Technologies was a manufacturer or seller of the Wright lawn tractor. While this is an obviously contested question, there are some facts that are not disputed. First, it is not disputed that Husqvarna was a manufacturer of the lawn tractor. ECF No. 153 at 25. Throughout this litigation both parties have conceded that Husqvarna was a manufacturer, and that at no point did Plaintiff name Husqvarna as a defendant in this action. Second, there is no dispute that the Wright's purchased the lawn tractor from a Home Depot store. Third, it is undisputed that the Wright tractor was printed with the "Ryobi" name and that the owner's manual was printed with the name "Ryobi" at the top. The critical issue for the Court becomes, whether a reasonable jury could, under substantive Virginia law, establish some sort of connection between the Defendant Ryobi Technologies, Inc., and "Ryobi," the name on the lawn tractor and its owner's manual.

The Court finds that Ryobi Technologies is a proper defendant because there was ample record evidence of Ryobi's involvement with the Wright tractor, and a reasonable jury was

entitled to find that the name Ryobi associated the tractor with Ryobi Technologies. The jury heard evidence from both Mrs. Wright and Home Depot's corporate representative Timothy Seymour that the lawn tractor was branded by Ryobi. Further, the sales receipt that was given to Mr. Wright when he purchased the lawn tractor indicated that he purchased a Ryobi tractor. The jury saw portions of the owner's manual that listed the name Ryobi at the top. It is therefore reasonable that a juror could conclude based on the evidence presented that this was a Ryobi lawn tractor.

The Court must now determine whether one's subjective understanding that a product was manufactured by a company can subject that company to liability. The Court finds that it can. The Restatement (Second) of Torts, § 400(c) subjects to liability, [o]ne who puts out as his own product chattels made by others..." Pursuant to the Restatement, one puts out a product in one of two circumstances. "The first is where the actor appears to be the manufacturer of the chattel. The second is where the chattel appears to have been made particularly for the actor. In the first type of case the actor frequently causes the chattel to be used in reliance upon his care in making it; in the second, he frequently causes the chattel to be used in reliance upon a belief that he has required it to be made properly for him and that the actor's reputation is an assurance to the user of the quality of the product." Restatement (Second) of Torts § 400(d).

Defendant argues that the Restatement cuts in its favor because "the record contains no evidence that Ryobi Technologies had any involvement with the Wright tractor." ECF No. 191 at 13. In response, Plaintiff points to *Swift & Co. v. Blackwell*, a Fourth Circuit case from 1936, for the proposition that the key test in the apparent manufacturer doctrine is "whether an average reader would conclude from a perusal of the label that the goods were the product of the named defendant." ECF No. 196 at 6 (citing *Swift & Co. v. Blackwell*, 84 F.2d, 130, 132 (4th Cir.

14

1936). In *Swift & Co.,* Plaintiff prevailed over defendant Swift & Co. in a negligence action even though the suspect milk container in question was not manufactured by Swift & Co. and the name "Swift & Co." appeared only once in small type on the side of the container. *Id.* The product was manufactured by Libby, McNeal, and Libby for Swift & Co., and the product's label included the name "Swift" eight separate times. *Id.* There, the Fourth Circuit held that because the products were manufactured for Swift & Co., and because the Swift name was readily apparent to the consumer, Swift & Co. held out the product as its own and had the responsibility of a manufacturer. *Id.* The *Swift* case is instructive, but it is neither as analogous as Plaintiff contends nor as dissimilar as Defendant contends. As a case that is currently good law in the Fourth Circuit, *Swift* stands for the proposition that district courts should look from the public's perspective to determine whether an entity "puts out" a product as its own such that it subjects itself to the same liability as a manufacturer.

The Fourth Circuit has similarly upheld the apparent manufacturer doctrine where entities put out products as their own in *Smith v. Regina Manufacturing Corporation*, 396 F.2d 826 (4th Cir. 1968). In *Smith*, the defendant was neither the designer nor manufacturer of defective floor polisher that was sold under the *Smith* defendant's trade name. *Id.* at 827. There the Fourth Circuit, citing *Carney v. Sears Roebuck & Co.*, 309 F.2d 300 (4th Cir. 1962), and *Swift & Co.*, 84 F.2d 130, held that a defendant warrants a product's merchantability and assumes the responsibilities of a manufacturer when it sells a product under its trade name. *Id.* at 828. Here, there was ample evidence in the record for the jury to similarly conclude that the name "Ryobi" on the Wright lawn tractor was a trade name used by Home Depot and Ryobi Technologies, Inc.

There is nothing in the Federal Rules, the laws of the United States, or the precedent of this Circuit that requires a jury to leave its common sense in the public corridors of the

courthouse when it gathers to deliberate. This jury was presented with evidence that Mr. Wright

purchased a tractor with the word "Ryobi" printed on its side, that he possessed an owner's

manual with the name "Ryobi" printed on the top, and that his receipt was indeed for a Ryobi

lawn tractor. Certainly Husqvarna was *a* manufacturer of the lawn tractor, and certainly

Husqvarna is not a party to this action. It is also true that the lawn tractor was purchased at

Home Depot. However, there is sufficient evidence in the record to support the jury's finding

that Ryobi Technologies, Inc., put the Ryobi tractor out as its own, and is therefore subject to

liability under Virginia law.

### 2. The Evidence Was Legally Sufficient to Support a Negligence Finding Against Ryobi Technologies

The Court finds that the jury was presented with legally sufficient evidence to support a

negligence finding against Ryobi Technologies, Inc. Defendant argues that the evidence against

Ryobi Technologies was not legally sufficient on multiple fronts: (1) actual product defect, (2)

causation, (3) negligent failure to warn, (4) proximate causation, and (5) negligent failure to

inspect or test.

#### a. Actual Product Defect and Failure to Inspect or Test

This products liability action required that the Plaintiff present legally sufficient evidence

of a specific design defect that caused the tractor to be unreasonably dangerous. *Logan v.*

*Montgomery Ward & Co.*, 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975). Plaintiff's design

defect evidence came from expert witness Steve Christoffersen, an engineer. Mr. Christoffersen

showed the jury two different fuel tank designs, one of which was the design contained in Mr.

Wright's tractor. Mr. Christoffersen testified that the original fuel tank design contained in the

Ryobi-branded lawn tractor was susceptible to coming apart from the fuel line. Specifically, Mr.

Christoffersen told the jury that the "subject Ryobi riding lawn tractor originally purchased on

September 15th of 2005 by Mr. Frank Wright was manufactured and supplied by Ryobi and offered for sale by Home Depot in a defective condition which rendered it unreasonably dangerous for its intended purposes and foreseeable uses." ECF No. 162 at 17-21.

Defendant cross-examined Mr. Christoffersen and the Court finds that having heard his testimony and the totality of the evidence presented at trial, the jury was presented with legally sufficient evidence to conclude that a specific design defect caused the tractor to be unreasonably dangerous. It is true that in the Fourth Circuit, courts should not necessarily "agree that 'it is so if an expert says it is so.'" *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 421 (5th Cir. 1987)). However, the jury here had much more information than the fact-finder in *Alevromagiros*—they had eyewitness testimony of Mr. Wright's wife, testimony about the fire and smoke from first responders and members of the Chesapeake Fire Department, photographs of the scene, and two physical models of the fuel tanks in question. Mr. Christoffersen's testimony was likely a significant factor for the jury, but the Court finds that there was additional evidence that, when taken in totality, provided a legally sufficient evidentiary basis for a reasonable jury to find that there was an actual product defect.

Defendant also argues that Plaintiff presented legally insufficient evidence of a negligent failure to inspect or test. The jury was presented with evidence through Defense witness Brinkman that Defendants conducted certain tests on new tractors, and Mr. Christoffersen offered testimony about differences in designs between the two fuel tank designs. The Court finds that this evidence, when taken in totality with the entire record, provided a legally sufficient evidentiary basis for the jury to draw a conclusion regarding Defendants' negligent failure to inspect or test the tractor.

### b. Causation

It is the Plaintiff's responsibility in a products liability action to prove that the defendant caused the Plaintiff's injury. A plaintiff's burden is to prove, by a preponderance of the evidence, that the defendant somehow caused his injury. A plaintiff fails to meet this burden of proof "it appears from the evidence just as probable that damages were caused by one as by the other [of possible causes] because the plaintiff must make out his case by a preponderance of the evidence." *Stokes v. L. Geismar, S.A.*, 815 F. Supp. 904, 908 (E.D. Va. 1993), *aff'd* 16 F.3d 411 (4th Cir. 1994) (citing *Boyle v. United Techs. Corp.*, 792 F.2d 413, 416 (4th Cir. 1986)). In Virginia, a Plaintiff must establish that the defendant's actions are the but for cause of his injury. If he fails to do so, his claim must fail.

It is true that no witness explicitly testified to the specific cause of the Wright fire with a reasonable degree of scientific certainty. It is also true that such testimony would not be required. Plaintiff's burden is to prove causation by a preponderance of the evidence—that it is more likely than not to be true. The jury heard from Chief Richard Dyer, a fire chief with more than 50 years of experience, that a fuel led fire was a possibility, and that weather and an accumulation of leaves were significantly less likely to have been the cause. This, coupled with Mr. Christoffersen's testimony about the tractor's fuel tank design, provided more than sufficient evidence for the jury to find that the tractor's design caused the fire.

### c. Negligent Failure to Warn

Defendant next contends that Plaintiff failed to produce legally sufficient evidence of notice or knowledge to trigger a duty to warn. Virginia courts recognize that a duty to warn can arise out of similar incidents that a manufacturer knew or had reason to know about, "provided the prior incidents occurred under substantially the same circumstances, and had been caused by

the same or similar defects and dangers as those in issue." *Funkhouser v. Ford Motor Co.*, 285 Va. 272, 281, 736 S.E.2d 309, 313-14 (Va. 2013). Here, the jury heard evidence about at least three prior fuel line separations involving identical fuel tanks on other tractors that were manufactured at least in part by Husqvarna. Further the jury heard, pursuant to the Admission read by the Court, that Ryobi was informed in 2010 of another fire involving a Ryobi-branded lawn tractor in Indiana. The jury also reviewed two photographs of that incident. The Court finds that legally sufficient evidence was presented for a reasonable jury to find that Defendants had a duty to warn.

### d. Proximate Causation

Defendant argues that even if Plaintiff established a warnings theory, he has failed to show that "a specific warning could have been 'effectively communicated to and acted upon by those to whom a warning might be provided.'" ECF No. 191 at 27 (citing *Russell v. Wright*, 916 F. Supp. 2d 629, 650-52 (W.D. Va. 2013). Specifically, Defendant argues that Plaintiff presented no evidence of what a particularly warning should have said, "how it should have been conveyed, or how it would have been received or understood…" *Id.* Plaintiff responds that a warning about the availability of a replacement fuel tank with a more secure outlet "could have potentially prevented Mr. Wright's death." ECF No. 196 at 11. Whether a warning would have prevented this incident, there is sufficient evidence in the record that such a warning *could* have done so—and there is at least sufficient evidence to support the jury's determination that a lack of such a warning was a proximate cause of this incident.

In ruling on the Renewed Motion for Judgment as a Matter of Law, the Court cannot weigh the evidence, nor can it make credibility determinations. Instead, the Court must simply review the evidence, and take all inferences in the light most favorable to the non-moving party.

In so doing, the Court finds that the jury was presented with evidence that provided a legally

sufficient evidentiary basis for the conclusion that Ryobi Technologies, Inc., is liable for the

injuries Frank Wright suffered on December 23, 2010. Therefore, Defendant's Renewed Motion

for Judgment as a Matter of Law is **DENIED**.

## B. Defendants' Alternative Motion for a New Trial

The Court having denied Ryobi Technologies' Motion for Judgment as a Matter of Law,

Defendant now moves in the alternative for a new trial on six grounds: (1) that Plaintiff

presented false evidence in the form of dissimilar incidents to support his arguments of product

defect and notice, (2) that the Court's discovery sanctions of the admission and the exclusion of

expert witness Dan Nielsen were unwarranted and disproportionate and resulted in material

prejudice to the Defendant, (3) that Defense was improperly precluded from relying on relevant

and sufficient evidence of Mr. Wright's mental and physical impairments to support its

contributory negligence defense, (4) that material, relevant, admissible evidence was improperly

excluded, (5) that plaintiff's counsel engaged in repeated misconduct during closing argument,

and (6) that the jury returned an excessive and unstainable verdict. ECF No. 192 at 1-2.

Defendant contends that each "of these errors standing alone warrants a new trial, given

the prejudice, fundamental lack of fairness, and miscarriage of justice. In combination, they

leave no other option." *Id.* at 2. Thus, Defendant argues, "if the Court doesn't grant judgment

for Ryobi Technologies as a matter of law, it should vacate the judgment and order a new trial."

*Id.*

Plaintiff of course responds that Defendants suffered no prejudice, that the Court's

discovery sanctions were reasonable and appropriate, and that the "evidence in favor of Plaintiff

is copious and compelling..." ECF No. 197 at 3. Plaintiff specifically argues that (1) the jury

was properly informed of the previous fire involving a Ryobi-branded lawn tractor, (2) that the
Court's discovery sanctions were necessary and appropriate, (3) that striking portions of
Defendants' contributory negligence defense was proper, (4) that the Court properly excluded
references to industry standards and Mr. Wright's medical records, (5) that the Court properly
admitted evidence of Defense expert compensation, (6) that Defendant Ryobi Technologies
failed to preserve alleged evidentiary errors, (7) that Mr. Wright's medical records were
immaterial and irrelevant, (8) that cross examination of Defense Expert Neil Wu's financial
compensation was relevant and probative as general impeachment and bias evidence, (9) that
Plaintiff's closing argument was not a request for punitive damages nor was any alleged
xenophobia argued, and (10) that the jury's verdict was reasonable and remittitur is
inappropriate. ECF No. 197.

### 1. Plaintiff's Reliance on Other Incidents

Defendant argues that throughout the trial, and including closing argument, Plaintiff
made reference to other incidents that were dissimilar to the one at issue in a deliberate attempt
to circumvent pretrial rulings of the United States Magistrate Judge, pull this Court away from
relevant issues, and confuse the jury. ECF No. 192 at 5-6. This case was subject to extensive
pretrial motion practice, and the United States Magistrate Judge held several hearings and issued
numerous opinions and orders on motions in limine. The Court affirmed two rulings over
objection, and always expects parties and counsel to abide by the rulings of the United States
Magistrate Judge just as they would abide by the rulings of this Court. However, once the trial
begins, this Court maintains its discretion on all evidentiary matters. It is true that the Magistrate
Judge excluded evidence of prior recalls. In exercising its gatekeeping function, this Court was
clear to both parties that the issue before the jury was about the Wright tractor, not all other

tractors or other engines. Specifically, the Court noted that the, "simple truth is we're talking about a specific tractor here and you ask the questions about that. I don't want to hear about all tractors, other tractors. I've heard enough of that." Jan 20 Trial Tr. at 8-11.

### 2. The Court's Discovery Sanctions

Defendant next argues that the Court should grant a new trial because the discovery sanctions of an admission and the exclusion of Mr. Neilsen as an expert witness were disproportionate and prejudicial. The issue of the Court's discovery sanctions has been heavily briefed and argued, and the Court, on January 29, 2015, issued a Memorandum Order specifically recounting its reasoning for issuing both sanctions. ECF No. 172. The Court will not recount the entirety of its Order here, but it notes that after thorough consideration of the precedent of this Circuit, it concluded that it had discretion to grant all of the relief Plaintiff then desired, but decided not to as doing so would not have been proportionate to the violation that occurred. The Court does not take the issuance of sanctions lightly, and it understands that any sanction will have an adverse effect—but that is the unfortunate result of what the Court sees as sanctionable conduct. On reconsideration of its sanctions, the Court finds them reasonable and proportionate.

### 3. The Court's Evidentiary Rulings

Defendant next finds error in the Court's ruling that Mr. Wright's mental and physical impairments could not support a defense of contributory negligence. ECF No. 192 at 15. Courts sitting in diversity apply a federal standard when determining whether evidence is sufficient to warrant a jury instruction on a particular claim or defense. *Jones v. Meatpackers Equip. Co.*, 723 F.2d 370, 372 (4th Cir.1983). In Virginia, a defense of contributory negligence exists where a "plaintiff fails to act as a reasonable person would have acted for his own safety under the

circumstances." *Artrip v. E.E. Berry Equip Co. v. Winesett*, 225 Va. 459, 303 S.E.2d 868, 872 (Va. 1983). The question of whether one was contributorily negligent is one for the jury to decide unless no reasonable minds could differ on the issue. *Id.* at 397. In the Fourth Circuit, courts are generally cautioned against submitting the question of damages to the jury without also providing for consideration of the plaintiff's conduct near the moment of the incident. *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 392 (4th Cir. 2010) (citing *Norfolk S. R.R. Co. v. Ferebee*, 238 U.S. 269, 271 (1915). However, where there is an "absence of evidence, or reasonable inferences that can be drawn from the evidence, disclosing that [the plaintiff] was negligent, the issue of contributory negligence should not ... be[ ] submitted to the jury." *Jones*, 723 F.2d 370, 372 (4th Cir.1983). Finally, a court may only submit to the jury instructions that are supported by the evidence. *Crowell v. Angelus Sanitary Can Mach. Co.*, 217 F.3d 838 (4th Cir. 2000).

Defendant concedes that the Court did not completely strike the contributory negligence defense, as there was evidence in the record that a reasonable juror could use to sustain a finding that Mr. Wright was contributorily negligent. ECF No. 192 at 16 ("The Court allowed the jury to consider the first basis [that Mr. Wright was contributorily negligent by plowing his leaves, contrary to the express warnings and instructions in the tractor's operator's manual]").

Only upon Motion by Plaintiff did the Court consider the question of whether Mr. Wright's mental and physical condition should be submitted to the jury on the contributory negligence defense. When reviewing the totality of the evidence and taking all inferences in the light most favorable to Defendants at the time, the Court found that there simply did not exist a legally sufficient evidentiary basis for a reasonable jury to conclude that Mr. Wright's age or physical condition affected his maintenance of the tractor or his use on that particular day. To come to such a conclusion the jury would have had to engage in speculation and conjecture,

something expressly prohibited by the Virginia Supreme Court. *Leech v. Beasley*, 128 S.E.2d 293, 299 (Va.1962) (affirming a trial court's decision to forgo providing a jury instruction where that instruction was "not supported by the evidence, and would have permitted the jury to engage in speculation and conjecture").

The Court did find, however, that there was a sufficient factual dispute about whether Mr. Wright was using his lawn tractor improperly by plowing leaves, and the Court therefore permitted the Defense to argue the contributory negligence defense to that effect.

Defendant also argues that the Court improperly excluded evidence of the tractor's compliance with industry standards and Mr. Wright's medical records, while allowing the introduction of evidence relating to Defense expert witness Mr. Wu's compensation received from an entity entirely unrelated to this case. ECF No. 192 at 19. The Court's determinations on these issues were made based on the evidence before it and the Federal Rules of Evidence, and Defendant has failed to demonstrate that any ruling affected its substantial rights or that justice so requires a new trial as a result.

### 4. Closing Argument Statements

Defendant next argues that Plaintiff's counsel committed attorney misconduct during closing argument. A court may grant a new trial based on misconduct where there is a reasonable probability that the jury was improperly influenced by that conduct. 12 Moore's Fed. Prac. § 59.13[1] § 59.13. The Court's analysis of whether an attorney committed misconduct must consider "the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g. whether it is a close case), and the verdict itself." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 197 (4th Cir. 1982).

Defendant's main contention is that Plaintiff improperly argued that the jury should "send a message" with its verdict. Federal courts have no patience for arguments that implore juries to use their verdicts to send messages. *See United States v. Runyon*, 707 F.3d 475, 514 (4th Cir. 2013); *Neal v. Toyota Motor Corp.*, 823 F. Supp. 939, 943 (N.D. Ga. 1993). There is no question Plaintiff's closing argument was impassioned—this is a highly emotional case. The Court does not find, however, that any of Plaintiff's statements were so severe as to warrant a new trial. The Court did, on more than one occasion, admonish Plaintiff's counsel to stick to the facts of the case and to avoid making bald allegations against Defendant's counsel. As Defendant concedes, the Court even *sua sponte* admonished Plaintiff's counsel against calling Defense counsel liars. ECF No. 192 at 25. Upon review of the entirety of Plaintiff's closing argument, the Court finds that given its admonitions, its directive that Plaintiff wrap up his closing once the Court believed he had made his point, and the fact that Plaintiff never made a plea for punitive damages, Plaintiff did not engage in conduct that rises to the level that it merits a grant of a new trial.

### 5. The Jury's Verdict

Defendant last argues that the jury's award of 2.5 million dollars is excessive, and that the Court should either grant a new trial outright, or grant a new trial conditioned on Plaintiff's refusal to accept a remitted damages award. ECF No. 192 at 27. Plaintiff initially sought an award of 3 million dollars. Even after polling by the Court, each juror agreed that 2.5 million dollars was the amount of damages the jury intended to award. Wanting to ensure that this process was fair to the parties, the Court instructed the jury to return and deliberate further on the damages award. Even after further deliberation, the jury returned with an award of 2.5 million dollars. The Court finds nothing in the record to suggest that this award was anything other than

the jury's assessment of the damages appropriate given the totally of the circumstances of this case.

Having reviewed the entirety of the record, the Court cannot find that the jury's verdict is against the clear weight of the evidence, or is based upon evidence which is false. The jury was presented with a rich factual record, and their verdict is supported by the evidence. The Court further finds that neither the verdict nor the denial of the new trial motion will result in a miscarriage of justice. For the reasons stated above, Defendant's Motion for New Trial is **DENIED**.

### C. Plaintiff's Motion to Strike

Plaintiff begins his Memorandum in Opposition to Defendant Ryobi's Rule 59(b) Motion for a New Trial with his own Motion: Motion to Strike Ryobi's Pleadings. ECF No. 197 at 1. Courts of this Circuit are mindful of the filing deadlines for post-trial motions, and the courts of this District require adherence to those deadlines. On review of Defendant's filings and communication with the Clerk's office, the Court finds absolutely no meritorious basis to grant Plaintiff's Motion.

Defendant's Motion was due by February 19, 2015. Defendant filed its Motion on February 19, 2015. On February 20, 2015, the Clerk issued a Notice of Correction regarding the required page limit, and Defendants promptly refiled in accordance with the page limit that very day. The Court deems Defendant's briefs timely filed. Plaintiff's Motion to Strike Defendant's Pleadings is **DENIED**.

# V. CONCLUSION

For the reasons stated herein, Defendant's Rule 50(b) Renewed Motion for Judgment as a Matter of Law is **DENIED**.  Defendant's Rule 59(b) Alternative Motion for a New Trial is likewise **DENIED**.  Plaintiff's Motion to Strike is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
June 25, 2015

Raymond A. Jackson
United States District Judge